# Road in Little Britain.

27  69
126 101

27      69
e 26 SC ³436

The Court of Quarter Sessions, after the appointment of road viewers, may strike off the names of any of them and substitute others, and it is not necessary to give notice that it will be done.

Where the report of the viewers sets forth that five of them examined the road, the record is regular in that respect upon its face, and a deposition taken to impeach that fact in the court below, is not a part of the record, and will not be considered by this court.

A rule of the Court of Quarter Sessions prescribing that petitions for views and reviews of roads shall only be presented at the regular term of the court and not at an adjourned sessions, is such an one as the court has power to make.

It is not error for the court having such a rule to refuse to grant a review on a petition presented at an adjourned sessions, being a continuation of the term next after the report of viewers filed.

CERTIORARI to the Quarter Sessions of *Lancaster county.*

This was a proceeding to view and lay out a road. The viewers were appointed at April sessions on the petition of citizens of Little Britain township. During the same sessions, the court, on motion of the attorney for the petitioners and affidavit filed, substituted another for one of the viewers previously appointed. On the 31st July the report of the viewers was filed, laying out the road prayed for by certain courses and distances. This report stated that five of the viewers who are named appeared and were "sworn, and viewed the ground, and do return for public use the following road," and the five signed the report.

On the 14th August, 1855, exceptions were filed to the report, alleging that the substitution of the viewer at the instance of petitioners was irregular, and without notice to the landholders through whose premises the road passes. And that, though five of the persons viewed the ground and agreed upon a route, it was afterwards changed by four of them, the fifth not having gone upon the ground when the alteration was made. This report was read and confirmed nisi on the 22d August, 1855.

Depositions were taken, and after argument the court overruled the exceptions, on the 18th December, 1855.

On the 20th December, 1855, the court, at the instance of the exceptant's counsel, granted a rule to show cause why reviewers

[Road in Little Britain.]

should not be appointed; but afterwards refused to grant it on the ground that the petition was presented too late.

The regular sessions of the court were held in April, August, November, and January. The November sessions had been adjourned to December for hearing arguments. By a rule of the court it is provided that "all petitions relative to roads shall be presented during the regular term, and no petitions will be heard at any of the adjourned sittings of the cour t."

The refusal to set aside the report, and the denial of the review, were the errors assigned.

*Frazer*, for plaintiff in error.—If one of the viewers did not view the line of the road as reported, it cannot be sustained, and the testimony proves this. Five must view: Act 13th June, 1836; *Bright. Purd.* 715, 725. The 52d section requires that five of the viewers "*shall view the place in question:*" Road in Middlecreek and Union Townships, 9 *Barr* 69; New Hanover Road, 6 *Harris* 220; Maytown Road, 4 *Y.* 479.

The court should have granted the review. The petition was presented at the next term after report made (the November Term). A review is a matter of right: 1 *Dall.* 11; 3 *Yeates* 263; 1 *Watts* 400; 5 *Id.* 203.

The rule adopted by the court is a violation of the letter and spirit of the act, and deprives the party of a right which the act gives him.

*Alexander* and *Dickey*, for defendants in error.—The evidence shows that five of the viewers viewed the premises. One of the viewers did not specially view the part altered. It was not necessary to walk over each foot of the ground. He signed the report wherein he says he did view, and he cannot be received to contradict his own report.

There is no law or rule which requires notice of proceedings on the petition to be given to the landholders through whose property the road passes.

The rule under which the petition for a review was rejected was a legal and valid one: *Purd. Dig.* 694, § 21; Snyder *v.* Bauchman, 8 *Ser. & R.* 335; Dubosq *v.* The Guardians of the Poor, 1 *Binn.* 415; Barry *v.* Randolph, 3 *Binn.* 277. A review is matter of right only when applied for regularly. This application was irregular and out of time, and therefore there was no error in refusing it.

The opinion of the court was delivered by

BLACK, J.—1. When the Court of Quarter Sessions have appointed a full set of road viewers, one or more of the number may be stricken off and others substituted. We presume it was done

[Road in Little Britain.]

in this case for good reasons.   It was not necessary to give notice that it would be done.

2. The report of the viewers says that five of them examined the road.   The record is therefore regular on its face, and shows every fact that is necessary.   The deposition which is said to contradict this is not on record, and we can take no notice of it.

3. A rule of court prescribing the time or times when a road petition shall be presented is perfectly valid provided it takes away no right given by the general law of the land.   Of course no court would or could declare that a petition for review should not be presented at all during the term when the Act of Assembly has said it may be done.   But the court may set apart a particular portion of the term for such purposes, and lawfully refuse to be interrupted in their other business for the rest of the session. The rule of the Lancaster Quarter Sessions, under which the petition in this case was refused, is such as that court had a right to make.

Order affirmed.