## Lee's Estate.

*Wills—Codicil—Definition of codicil.*

A codicil is a supplement to a will, or an addition made by the testator and annexed to, and to be taken as part of a testament; being for its explanation, or alteration, or to make some addition to, or else some subtraction from, the former disposition of the testator.

*Wills—Codicil—Revocation.*

Where a testator in a codicil revokes a provision of his will, and in a second codicil referring to the will by date says: "I do confirm my said will in all respects, except so far as the same is changed by this codicil," he does not by the second codicil re-establish the provision in the will which had been revoked by the first codicil.

*Will—Life tenant—Principal.*

Where a life tenant setting up a certain construction of a will petitions the court for an allowance out of the principal, and some of the parties in interest agree that such an order shall be made, "if it should be the opinion of the court that the construction of the will as claimed in the petition is sound and correct," the court has no power to make the order, if it does not sustain the construction claimed by the life tenant.

Argued Nov. 20, 1900. Appeal, No. 99, Oct. T., 1900, by

Keturah Lee, from decree of O. C. Bucks Co., dismissing petition for allowance out of principal in the estate of Clarissa Lee. Before RICE, P. J., BEAVER, ORLADY, W. W. PORTER and W. D. PORTER, JJ. Affirmed.

Petition for allowance out of principal.

The petition set forth that the petitioner was a daughter of Clarissa Lee, and prayed that the trustee, the Doylestown Trust Company, should pay to petitioner a portion of the principal of a fund in its hands under the will of Clarissa Lee. From the record it appeared that Clarissa Lee died on January 29, 1875. She left a will dated October 26, 1866, whereby she gave and bequeathed to her daughter, Keturah Lee, the income of the residue of her estate during her natural life, to be paid to her semiannually. She therein further directed and provided, " And if it shall happen that by afflictions or sickness my said daughter shall require more than the income and interest of my said remaining estate, my executor shall have power, and I direct him, to take such parts of the principal sum, from time to time, as may be necessary for her comfort and support."

Keturah Lee was then in delicate health, but subsequently she became so much better that she was able to take a paying position.

Under these changed circumstances, on March 9, 1871, testator added a codicil to her said will, whereby she revoked the foregoing provision authorizing her executor to use part of the principal sum for the purposes aforesaid.

On September 16, 1872, testator made a further codicil to her will, whereby she revoked a clause of the original will, added an executor and expressly confirmed the original will " in all respects except so far as the same is changed in this codicil."

The court in an opinion by WEAND, J., specially presiding, dismissed the petition.

*Error assigned* was in dismissing the petition.

*W. Henry Sutton*, with him *Paul W. Applebach*, for appellant, cited: Reck's App., 78 Pa. 437 ; Schmidth's App., 183 Pa. 644 ; Tyson's Est., 191 Pa. 225 ; Fox's App., 99 Pa. 382 ;

Woelpper's App., 126 Pa. 562; Quincy v. Rogers, 9 Cush. 294; Bruckman's Est., 195 Pa. 368; Huber's App., 80 Pa. 348.

No paper-book or appearance for appellee.

OPINION BY RICE, P. J., April 16, 1901:

The execution of a codicil to a prior will is a republication of it and operates as a revocation of an intermediate will: Neff's Appeal, 48 Pa. 501. But there is a great distinction between an intermediate will and an intermediate codicil in this respect. By the commonly accepted definition a codicil "is a supplement to a will, or an addition made by the testator and annexed to, and to be taken as part of a testament; being for its explanation, or alteration, or to make some addition to, or else some subtraction from, the former disposition of the testator:" 2 Blackstone's Comm. Lewis's ed. *500. Physical annexation is not necessary; whether so annexed or not, it is in construction of law a part of the will. Hence, where a testator devised property to the children of B. in like manner as they were entitled under the will of B., it was held that the testator referred to the will and codicils of B., as the whole together must be taken as his will: Pigott v. Wilder, 26 Beav. 90. For the same reason, a testator by expressly referring to, and confirming his will, will not be considered as intending to set it up against a codicil or codicils revoking it in part: Williams on Executors, * 179. This, undoubtedly, is the general rule. But it is argued that if in a codicil he revokes a provision of his will and in a second codicil, in which he refers to the will by its date, he makes a further change in the disposition of his property, and says, "and I do confirm my said will in all respects except so far as the same is changed by this codicil," he may be considered as referring exclusively to the paper bearing the date mentioned, and, therefore, as intending to revoke the intermediate codicil and to restore the original will with the alterations contained in the second codicil. Unquestionably a testator may by apt words express his intention to revoke any codicil already made, and to set up the original will unaffected by it. So also if from the context it appears that such was his intention, although not expressed in so many words, his intention must control in the determination of the question whether the interme-

diate codicil was revoked. McLeod v. McNab, (1891) Appeal Cases, 471, was such a case. But we do not think this intention is naturally inferable from the mere fact that he .describes it as a "further codicil" to his will of a certain date. This description serves to identify the will to which the codicil belongs and to distinguish it from all other wills he may have made, and the natural interpretation of his words is that they refer to that will as amended by previous codicils, rather than that he intended to revoke them. While it does not appear that this precise question has been ruled by our Supreme Court it has arisen several times in the English courts. The leading case is Crosbie v. McDoual, 4 Ves. Jr. 610. There a testator made his will, and afterwards executed several codicils thereto containing partial alterations of, and additions to the will, and by a further codicil referring to the will by date, he changed one of the trustees and executors, and in all other respects expressly confirmed the will. This confirmation of the will was held not to revive the parts of it which were altered or revoked by the former codicils ; the Master of the Rolls observing, " that if a man ratifies and confirms his last will, he ratifies and confirms it with every codicil that has been added to it." This ruling appears to have been consistently followed, excepting where the intermediate codicil would have been inoperative without express republication ; and whether in such a case a confirmation of the will described by its date operates to vitalize and confirm the intermediate codicil is a question upon which there appears to have been a difference of opinion. See Gordon v. Reay, 5 Sim. 274, and Burton v. Newbery, L. R. 1 Ch. Div. 234. But that question does not arise here. The question here is, whether the confirmation of a will referred to by its date revokes a pre-existing and valid codicil. The question was thus stated in Green v. Tribe, L. R. 9 Ch. Div. 231: " Assuming a testator to have made a will, to have made a first codicil describing his will by the date which the original instrument bore, and confirming that will, but observing an absolute silence with regard to the first codicil, what is the effect of the second codicil? Does it revive the will as it originally stood, or does it confirm the original will as modified by the first codicil?" After a thorough consideration of the question upon principle, and a full and discriminating examination of the authorities,

the court arrived at this conclusion, that a reference to the will carries with it a reference to that which is merely a supplement to or annexed to the will itself; and the mere fact that the testator describes the will by a reference to its original date is not sufficient to exclude the inference that the will referred to is the will as modified by the codicils. The soundness of the doctrine was recognized in McLeod v. McNab, supra, although from the context it was inferred, and so held, that the intention of the testator was to confine the action of the second codicil to the document bearing the date referred to. We find nothing in the present case to warrant the conclusion that the testatrix did not intend to confirm her will as it stood amended at the time her second codicil was made.

It is contended further, that the court ought to have made the order prayed for, because the respondents virtually consented that it be made. An examination of the papers attached to the record fails to show more than that some of them were willing to have the order made, "if it should be the opinion of the court that the construction of the will as claimed in the petition is sound and correct." It is needless to say that this did not authorize the court to make the decree, even as against those giving this consent, if the construction of the will contended for by the petitioner is not correct. The learned judge specially presiding pertinently said, that, although as a matter of sentiment and out of consideration for the wants of the petitioner he would be inclined to grant the prayer, his duty was simply to construe the will.

Decree affirmed and appeal dismissed at costs of appellant.