## Lee's Estate.

*Will—Life tenant—Allowance out of principal—Jurisdiction—Decedents' estates.*

Where a life tenant setting up a certain construction of a will petitions the court for an allowance out of the principal, and all of the parties in interest, except one, give their consent without specifying the amount to be appropriated, the court can enter no decree against the nonconsenting party in interest, and as to the other parties, in the absence of any provision of the will on the subject, properly construed, it has no jurisdiction to investigate and determine what portion of the principal should be paid to the life tenant.

Petition for reargument.

The case was originally reported in 16 Pa. Superior Ct. 627.

*Paul W. Applebach* and *W. Henry Sutton*, for appellant.

No paper-book filed or appearance entered for appellee.

OPINION BY RICE, P. J., December 16, 1901 :

In our former opinion we said : " It is contended further that the court ought to have made the order prayed for, because the respondents virtually consented that it be made.   An examination of the papers attached to the record fails to show more than that some of them were willing to have the order made, 'if it should be the opinion of the court that the construction of the will as claimed in the petition is sound and correct:'" Lee's Estate, 16 Pa. Superior Ct. 627.   This statement as to what the record and papers attached thereto showed as to the consent of the residuary legatees was exactly correct, and it is too plain for argument that such qualified consent did not authorize the court to make the decree prayed for, if the construction of the will as claimed in the petition is not correct.   In the petition for reargument it was alleged that all of the residuary legatees or their representatives, excepting one, had given their unqualified consent to the decree prayed for and it was moved that the papers showing such consent and signed by the legatees be placed on record.   We granted the petition for reargument, but, of course, had no power to direct what papers should be placed on record.   In the mean time the record had been returned to the court below.   As brought up after the order for reargument was made, we find attached to it several papers showing the alleged consent of the legatees.   These are not marked filed, nor are they referred to in the docket entries, nor are they identified in any way as having been offered in evidence at the hearing in the court below, nor is there any certificate of the presiding judge that they were in evidence before him. We might well refuse to consider them upon the grounds above suggested; for it would be manifestly unsafe to convict the court below of error upon a point not sustained by the record or the evidence as the case stood at the time the decree was made.   We are not disposed, however, to put our decision upon the defective condition of the record.   Counsel assure us that

the papers were before the court, and there is not the slightest reason for questioning their statement. We will assume, therefore, that the papers referred to were offered in evidence and that the execution thereof was duly proved. Granting this to be so, did the court err in refusing to make the decree prayed for? In determining this question it is important to notice that the prayer of the petition was, "that the court will order and decree that said executor and trustee do pay to the petitioner, in addition to the interest on said trust fund, such portion of the principal thereof, as may be necessary for her comfort and support." Upon the presentation of the petition, the court granted a rule to show cause why the order above recited should not be made. Copies of the rule reciting the order prayed for appear to have been served upon the legatees, and most of them gave consent in the following form : " We, the remaining heirs of Clarissa Lee, accept service of the above order and agree that the same shall be made without costs or expense to us." The trustee filed an answer admitting the facts, but denying the correctness of the conclusions of law, set forth in the petition, and praying that the same be dismissed. Edward H. Buckman, an only child of one of the legatees mentioned in the will, since deceased, filed no answer, and, so far as affirmatively appears, has not given his consent. The suggestion that his failure to appear and object is equivalent to express consent cannot be sustained. It amounted only to a submission on his part to the judgment of the court upon the legal question arising upon the construction of the will. It is plain, therefore, that the court had no jurisdiction to make any decree, affecting in any way his rights, not authorized by the will itself. We come then to the question, whether as to the other legatees it was the duty of the court to make a decree appropriating a portion of the principal coming to them upon the death of the petitioner to her support. It is to be noticed, that they have not consented to the appropriation of any specific sum for that purpose, but only, that the court might appropriate such sum as in its judgment was necessary for the purpose. This would have involved an investigation into her needs and income and a determination from the evidence as to what sum should be allowed her. If the true construction of the will were as she claimed it to be such investigation and determination as we have suggested would have

been a duty. But, as we have shown in our former opinion, the clause of the will of Clarissa Lee which directed the executor " to take such parts of the principal sum from time to time as may be necessary for the comfort and support " of the petitioner was revoked by the first codicil and was not re-established by the second codicil. It is thus seen that the case resolves itself into an application by the petitioner, consented to by some of the legatees, for an adjudication by the court, not of the petitioner's rights, but of the amount of the principal to be gratuitously surrendered by the legatees for the comfort and support of the petitioner. The action of the respondents was commendable in the highest degree. It shows a proper spirit and it is not to be understood from anything we have said or may say in this opinion that it is not within their power to increase the meager allowance of the petitioner by consenting to an appropriation of a specific sum periodically out of the principal for her support, provided care is taken to protect the legal rights of the legatee not consenting. But it is for them to determine what that sum shall be. We do not think that the petitioner, even with their consent, could require the court, as a matter of right, to determine the question. Taking this view of the case, we are still of opinion that the court committed no error in refusing the specific decree prayed for.

Decree affirmed.