# Wyatt *v.* Szymanski, Appellant.

*Appeals—Certiorari—Justice of the peace—Judgments—Quashing appeal.*

Where the court of common pleas in determining whether a justice of the peace has jurisdiction of a cause, considers depositions produced by the defendant, and upon these affirms the judgment, and a consideration of the record of the transcript of the justice shows that it is doubtful whether or not he had jurisdiction, the Superior Court on certiorari will quash appeal from the common pleas, inasmuch as the certiorari does not bring up the depositions, and the upper court has no means of determining whether the contract sued upon was or was not without the jurisdiction of the justice.

Argued Dec. 9, 1908. Appeal, No. 49, Oct. T., 1908, by defendant, from order of C. P. Schuylkill Co., Sept. T., 1907, No. 308, affirming judgment of justice of the peace in case of R. W. Wyatt v. Adam Szymanski. Before RICE, P. J., PORTER, HENDERSON, MORRISON, ORLADY, HEAD and BEAVER, JJ. Appeal quashed.

Certiorari to judgment of justice of the peace.

The opinion of the Superior Court states the case.

*Error assigned* was in affirming the judgment of the justice of the peace.

*Guy E. Farquhar,* with him *Otto E. Farquhar,* for appellant.— In determining the jurisdiction of the justice of the peace, neither testimony taken for the purpose of being used on the argument of the certiorari, nor the recital of facts in the opinion filed by the lower court can be considered by the appellate

court in determining the question of jurisdiction: Com. v. Smith, 200 Pa. 363; Com. v. Brownell, 35 Pa. Superior Ct. 249.

The record of the justice shows that the whole transaction upon which the plaintiff's claim was founded related to the sale of real estate and involved the validity of that sale concerning which the question of title might be and in fact, in this case, was vitally important: Sechrist v. Connellee, 3 P. & W. 388; Lauchner v. Rex, 20 Pa. 464; Campbell v. Gallagher, 2 Watts, 135; O'Neill v. McVickar, 21 W. N. C. 496; Doud v. Truby, 2 Grant, 37; Gruber v. Sheetz, 2 Woodward, 63; Fowler v. Eddy, 110 Pa. 117; Com. v. Barnett, 199 Pa. 161; Brushvalley Twp. Poor Directors v. Poor Directors, 25 Pa. Superior Ct. 595; Crumley v. Crescent Coal Co., 13 Pa. Superior Ct. 231; Phœnix Iron Works Co. v. Mullen, 25 Pa. Superior Ct. 547.

*R. P. Swank*, for appellee.—By the twenty-second section of the Act of March 20, 1810, 5 Sm. L. 161, the judgment of the court of common pleas upon certiorari to the judgment of a justice of the peace is final and no writ of error shall issue thereon: Cozens v. Dewees, 2 S. & R. 112; Borland v. Ealy, 43 Pa. 111; Castor v. Cloud, 2 W. N. C. 252; Penna. Pulp, etc., Co. v. Stoughton, 106 Pa. 458; Loop v. Haycock, 4 Kulp, 463; Diehm v. Parkes, 1 Mona. 174; Jacobs v. Ellis, 156 Pa. 253; Carroll v. Barnes & Erb Co., 11 Pa. Superior Ct. 590; Crumley v. Crescent Coal Co., 13 Pa. Superior Ct. 231; Minogue v. Ashland Borough, 27 Pa. Superior Ct. 506; Alexander v. Goldstein, 13 Pa. Superior Ct. 518; Spicer v. Rees, 5 Rawle, 119; Mahanoy Boro. v. Wadlinger, 142 Pa. 308; Colwyn Borough v. Tarbotton, 1 Pa. Superior Ct. 179.

This provision is not repealed by the Act of July 7, 1879, sec. 1, P. L. 194, enlarging the jurisdiction of justices of the peace: Stewart v. Lindsay, 3 Penny. 85; Penna. Pulp & Paper Co. v. Stoughton, 106 Pa. 458; Palmer v. Lacock, 107 Pa. 346; Phœnix Iron Works Co. v. Mullen, 25 Pa. Superior Ct. 547.

The Act of June 24, 1895, P. L. 212, creating the Superior Court and defining its jurisdiction, does not extend the appellate jurisdiction of the court so as to repeal this clause: Colwyn Borough v. Tarbotton, 1 Pa. Superior Ct. 179; Carroll v. Barnes

& Erb Co., 11 Pa. Superior Ct. 590; Crumley v. Coal Co., 13 Pa. Superior Ct. 231.

The judgment of the court of common pleas and of the justice of the peace will be affirmed: Carle v. White Haven Ice Co., 7 Kulp, 429; Cooke v. Shoemaker, 17 Pa. C. C. Rep. 641.

Even under the act of 1810, it is not enough merely to allege a claim of title; it must appear that such a claim may be a defense: Heritage v. Wilfong, 58 Pa. 137; Camp v. Walker, 5 Watts, 482; Rhoades v. Patrick, 27 Pa. 323; Helfenstein v. Hurst, 15 Pa. 358; Murphy v. Thall, 17 Pa. Superior Ct. 500; Kuhn v. Eggers, 17 Pa. C. C. Rep. 155.

PER CURIAM, February 26, 1909:

The twenty-second section of the Act of March 20, 1810, 5 Sm. L. 161, relating to writs of certiorari in cases originating before justices of the peace provides as follows: "And the judgment of the court of common pleas shall be final on all proceedings removed as aforesaid, by the said court, and no writ of error shall issue thereon." It is claimed that this section does not apply to the present case, because the cause of action upon which the justice rendered judgment in the plaintiff's favor was not within his jurisdiction; also that in determining whether the cause of action was within his jurisdiction we can look only at his transcript. This shows that the defendant was summoned to answer the plaintiff "in a plea of assumpsit arising from contract express or implied for a sum not exceeding $300," and that on the hearing of the case the plaintiff claimed "the sum of $275 for breach of contract between plaintiff and defendant." While this is an imperfect statement of a cause of action under the act of 1810, it does not show that the contract sued upon was one of which a justice of the peace could not take cognizance. But looking at the recital of the evidence given in support of the alleged cause of action, which is set forth in the transcript, it must be conceded that it is at least an arguable question whether the contract was not one excepted from the jurisdiction of justices of the peace by the clause in the first section of the act of 1810 which reads "except in cases of real contract, where the title to lands or tenements may come in

question." The defendant while excepting to the record of the justice upon this ground was evidently not content to rest his exception exclusively upon what the record showed, but proceeded to take depositions to be read upon the hearing of the exception. Ordinarily nothing can be considered by the court of common pleas upon certiorari to a justice of the peace but the record. There are, however, exceptions to this general rule, and one that has been very frequently recognized in practice is that want of jurisdiction of the cause of action may be shown by evidence outside the record. Therefore in the present case the court below had before it the record and the depositions which the defendant had taken; at least the defendant is not in position to deny the authority of the court to consider the depositions. But they did not become part of the record which was brought up on this appeal, and therefore the appellant was perfectly right in not printing them in his paper-book: Crumley v. Crescent Coal Co., 13 Pa. Superior Ct. 231. We have no knowledge of what they contain. It is not impossible that the very depositions which the defendant took showed that, notwithstanding the defective statement of the cause of action set forth in the transcript, it was not actually an action upon a real contract. It is apparent, therefore, that it is not necessary to decide the abstract question whether or not the judgment of the common pleas is final, and not reviewable on appeal, in a certiorari to a judgment of a justice of the peace upon a cause of action of which justices of the peace have no jurisdiction. As we are not in position, by reason of the fact that the depositions submitted to the court below are not before us, to declare that the contract sued upon was of the excepted class, we hold that the twenty-second section of the act of 1810 applies. See Crumley v. Crescent Coal Co., 13 Pa. Superior Ct. 231.

The appeal is quashed.