## Commonwealth *v.* Jester, Appellant.

*Criminal law—Opportunity to prepare defense—Trial without notice to attorney—Right to new trial—Discretion of court—Abuse—Record—Constitution, Art. I, Sec. 9.*

1. The granting or refusal of a new trial is a matter within the discretion of the trial court and its action thereon will not be reversed in absence of clear abuse of such discretion.

2. Where a defendant was arrested on the charge of felony and four days thereafter a true bill was found against him and two days later he was placed on trial, he cannot be said to have been afforded an opportunity to properly present a defense within the meaning of Section 9 of Article I of the Constitution of Pennsylvania providing that "in all criminal prosecutions the accused hath a right to be heard by himself and his counsel" and "to have compulsory process for obtaining witnesses in his favor," where it appeared that he had retained counsel, who was actually engaged elsewhere in entering bail for defendant's release from custody while defendant was being tried, that no notice was given either

442    COMMONWEALTH *v.* JESTER, Appellant.

defendant or his attorney of the date of the trial, although the name of defendant's attorney was endorsed on the indictment; and the refusal of a new trial under such circumstances amounted to an abuse of discretion.

3. In such case even though defendant, immediately previous to the trial, made no specific request to be represented by counsel, his ignorance of his rights in the matter constitute a sufficient excuse for his failure so to do.

4. In such case it was the duty of the district attorney to call the attention of the court to the fact that defendant had retained an attorney, whose name was endorsed on the bill of indictment, and the court should have sent for the counsel or appointed another to act in his stead if the latter could not be found.

*Supreme Court, Practice — Record—Depositions—Admission of facts by counsel on argument.*

5. In such case depositions as to facts relied upon by appellant and printed in his paper book do not constitute a part of the record, where there is nothing in the docket entries or in any part of the record to indicate that they were filed of record or taken in pursuance of rule or regular practice, but facts so shown will be considered by the Supreme Court where they are admitted by counsel for the Commonwealth on the argument of the case.

Argued Jan. 4, 1917. Appeal, No. 274, Jan. T., 1916, by defendant, from judgment of Superior Court, Oct. T., 1915, No. 186, affirming judgment of O. T. Philadelphia Co., May Sessions, 1915, No. 583, sustaining conviction on indictment for rape in case of Commonwealth of Pennsylvania v. Benjamin Jester. Before BROWN, C. J., MESTREZAT, POTTER, STEWART, MOSCHZISKER, FRAZER and WALLING, JJ. Reversed.

Appeal from Superior Court.

Defendant was indicted for rape.

The facts appear by the opinion of the Supreme Court and in Commonwealth v. Jester, 63 Pa. Superior Ct. 291.

Verdict of guilty. Defendant was sentenced to imprisonment of not less than two years or more than three years in the Eastern Penitentiary. The Superior Court affirmed the sentence of the Court of Oyer and Terminer. Defendant appealed.

*Error assigned,* among others, was in refusing defendant's motion for a new trial.

*Walter Thomas,* for appellant.—An appellate court can hear evidence aliunde the record: Mix v. North American Co., 209 Pa. 636; Commonwealth v. Fisher, 226 Pa. 189; Gosline v. Place, 32 Pa. 520; Commonwealth v. Gibbons, 9 Pa. Superior Ct. 527.

Defendant was entitled to be represented by counsel: Jacobs v. Commonwealth, 5 S. & R. 315; Prine v. Commonwealth, 18 Pa. 103.

In the present case, defendant did not waive his right to be represented: Prine v. Commonwealth, 18 Pa. 103; Jacobs v. Commonwealth, 5 S. & R. 315; Crain v. United States, 162 U. S. 625; Grigg v. People, 31 Mich. 471.

Defendant was entitled to notice of the time set for his trial: Galpin v. Page, 85 U. S. 350; Hovey v. Elliott, 167 U. S. 409; Roller v. Holly, 176 U. S. 398; Commonwealth v. Lehigh Valley R. R. Co., 165 Pa. 162.

*James Gay Gordon, Jr.,* Assistant District Attorney, with him *Samuel P. Rotan,* District Attorney, for appellee.

OPINION BY MR. JUSTICE FRAZER, February 12, 1917:

Defendant was arrested May 29, 1915, and held for court, without bail, on an information charging a felony. On June 2, 1915, a true bill was found against him, and two days later he was brought from the county prison to the city hall, Philadelphia, and placed on trial, without being represented by counsel, and without opportunity to prepare his defense. In his petition for allowance of appeal to this court, as well as in his petition for a supersedeas to the Superior Court, and his motion for a new trial in the Court of Oyer and Terminer, defendant averred he had no notice or knowledge that he was to be placed on trial, and was ignorant of his rights, and of court procedure. He was found guilty, and sentenced to

a term of not less than two, or more than three, years in
the Eastern Penitentiary. A motion for a new trial was
overruled, and defendant appealed to the Superior Court,
which court made the appeal a supersedeas, and admitted
him to bail. The judgment of the court below was af-
firmed by the Superior Court, and, on petition by defend-
ant, an appeal to this court was allowed. The only ques-
tion raised is whether or not, in refusing to grant a new
trial on the ground that defendant was forced to stand
trial without opportunity to be represented by counsel
or procure witnesses to testify in his behalf, the trial
judge abused his discretion.

The opinion of the Superior Court is based on the
ground that the facts disclosed by the record fail to
clearly show an abuse of discretion on the part of the
court below, either on the trial of the case, or in dismiss-
ing the motion for a new trial. From the facts set forth
in the motion for a new trial, and the affidavit accom-
panying the petition to the Superior Court, and also to
this court, for an allowance of an appeal, it appears de-
fendant retained Edward A. Kelly, Esq., of the Phila-
delphia bar, to represent him at the trial, and that, on
June 4, 1915, the day of the trial, Kelly was actually en-
gaged in room 696, city hall, in entering bail for de-
fendant's release from custody, at the time defendant was
being tried in room 453. No notice was given either de-
fendant, or his attorney, of the date of trial, and the lat-
ter, in his affidavit, states he had no knowledge whatever
that the case was to be tried at that time. Depositions
showing these facts are printed in the appendix of appel-
lant's paper book. There is nothing, however, in the
docket entries, or in any part of the record, to indicate
they were filed of record, or taken pursuant to rule or
regular practice; they were apparently taken and used in
support of a petition for a writ of habeas corpus, pre-
sented to, and refused by, the Superior Court. While
part of the proceedings in the lower court, these papers
form no part of the present record: Road in Little Bri-

tain, 27 Pa. 69; Shisler v. Keavy, 75 Pa. 79; Lee's Est., 18 Pa. Superior Ct. 513; Wyatt v. Szymanski, 38 Pa. Superior Ct. 525. Nevertheless, counsel for the Commonwealth, on argument of the case, frankly admitted the averments contained in the petitions and affidavits to be substantially correct, and the case may, therefore, be disposed of on the facts thus presented.

We have repeatedly stated that the granting or refusal of a new trial is a matter within the discretion of the trial court, and its action thereon will not be reversed in absence of clear abuse of such discretion. In this case, however, defendant was substantially denied an opportunity to properly present a defense to the charge on which he was convicted. Section 9 of Article I, of the Constitution of Pennsylvania provides that "In all criminal prosecutions the accused hath a right to be heard by himself and his counsel," and "to have compulsory process for obtaining witnesses in his favor." Considering the serious nature of the charge against defendant, the short time intervening between his arrest and trial, and the absence of an opportunity to properly prepare and present a defense and procure the attendance of witness, if he had any, it cannot be said he was accorded the right to be heard by himself and counsel, in accordance with his constitutional rights. When defendant was brought from the county jail to the court room, two days after a true bill had been found against him, neither he, nor his counsel, had notice or knowledge, that he would be placed on trial on that day. Having engaged an attorney to represent him, he naturally assumed his rights were being properly safeguarded, and that the attorney, at least, had knowledge of the purpose for which he was taken from prison. In view of the seriousness of the charge, and under all the circumstances, defendant should not have been forced to trial without counsel, and ample time should have been given him, or reasonable efforts made by the court attendants, to notify his attorney of the intention to try the case. Even though de-

fendant, immediately previous to the trial, made no specific request to be represented by counsel, his ignorance of his rights in the matter, under the circumstances of this case, is a sufficient excuse for that default. He could hardly be expected to ask for counsel, when he had already retained an attorney whose name was endorsed on the bill of indictment. Under these circumstances, it was the duty of the district attorney to call the attention of the court to the fact, and the court, in fairness to defendant, should then either have sent for the counsel or appointed another to act in his stead, if he could not be found. When the facts were brought to the attention of the court below, on motion for a new trial, the injury done defendant should have been remedied by granting the motion, and failure to do so, under the admitted facts and circumstances of the case, amounted to such abuse of discretion as to warrant reversal of the judgment.

The judgment is reversed and a new trial granted.