Com. of Pa. *v.* Richards, Appellant.

Argued October 21, 1933.

Before Trexler, P. J., Keller, Cunningham, Baldrige, Stadtfeld and Parker, JJ.

*Saul C. Waldbaum,* and with him *Lawrence Potamkin,* for appellant.

*Clare Gerald Fenerty,* Assistant District Attorney, and with him *Charles F. Kelley,* District Attorney, for appellee.

OPINION BY STADTFELD, J., December 16, 1933:

The defendant, Theodore Richards, a young man, aged nineteen, was arrested on April 20, 1933, charged with the crime of inciting to riot. A true bill was found against him on May 2, 1933, and he was tried on May 3, 1933 before McDEVITT, J., and a jury. The evidence against him disclosed that he had distributed notices or posters urging mass action on the part of the people in his particular neighborhood to prevent the evictions of tenants, and at the time of the incitement to riot he made a fiery speech urging the crowd to oppose the police. He also fought with the police and attempted to prevent his arrest. Defendant had been represented by counsel at two hearings before the magistrate and before the municipal court.

Counsel neglected to notify the Commonwealth that the defendant was represented and no appearance was entered for him. He was not represented by counsel at the trial.

The case was submitted to the jury and defendant was found guilty and sentenced to pay a fine of $500 and undergo an imprisonment of two years in the county prison. From the judgment and sentence pronounced against him this appeal was taken.

The principal assignments of error relate (1) to the failure of the court to give the defendant an opportunity to be represented by counsel, (2) in failing to inform the defendant of his right to be represented by counsel, (14) in dismissing defendant's motion for new trial, and (15) in passing judgment and sen-

tence against the defendant. There are other assignments in relation to the conduct of the trial by the court, to the examination by the district attorney of the Commonwealth's witness, and his cross-examination of the defendant, and to the charge of the court.

The principal assignments of error are Nos. 1 and 2, above referred to; and the same may be considered together.

The leading case in this Commonwealth is that of Commonwealth v. Jester, 256 Pa. 441, wherein the Supreme Court held, in an opinion by Mr. Justice FRAZER, that there was a denial of the defendant's constitutional rights to representation by counsel even though the defendant did not inform the court that he had counsel, or that he desired the aid of counsel.

In that case, the defendant was arrested on May 29, 1915, on an information charging rape. A true bill was found against him on June 2, and he was placed on trial on June 4, without the aid of counsel, although he had employed counsel whose name appeared on the bill of indictment. The defendant did not inform the court that he was represented. The trial proceeded without the appearance of counsel for the defendant, and the latter was convicted and sentenced to an imprisonment of not less than two years and not more than three years. In that case the name of counsel for defendant appeared on the bill of indictment, wherein it differs from the instant case, but that we consider unimportant. Quoting from the opinion in that case, at p. 445: "In this case, however, defendant was substantially denied an opportunity to properly present a defense to the charge on which he was convicted. Section 9 of Article I, of the Constitution of Pennsylvania provides that 'In all criminal prosecutions the accused hath a right to be heard by himself and his counsel,' and 'to have compulsory process for obtaining witnesses in his favor.' Considering the

serious nature of the charge against defendant, the short time intervening between his arrest and trial, and the absence of an opportunity to properly prepare and present a defense and procure the attendance of witness, if he had any, it cannot be said that he was accorded the right to be heard by himself and counsel, in accordance with his constitutional rights. ......
Even though defendant, immediately previous to the trial, made no specific request to be represented by counsel, his ignorance of his rights in the matter, under the circumstances of this case, is a sufficient excuse for that default. He could hardly be expected to ask for counsel, when he had already retained an attorney whose name was endorsed on the bill of indictment. Under these circumstances, it was the duty of the district attorney to call the attention of the court to the fact, and the court, in fairness to defendant, should then either have sent for the counsel or *appointed another to act in his stead,* if he could not be found." (Italics supplied.) That case is cited with approval in Commonwealth v. O'Keefe, 298 Pa. 169.

The right of a defendant in a criminal case to be heard by himself and counsel is a right given him not merely by the State Constitution, but by the Federal Constitution as well. In the case of Powell v. Alabama, 287 U. S. 45, the court failed to ask the defendant whether he had relatives or friends who might assist him, and failed to make a definite appointment of counsel for him. He was convicted and the Supreme Court of Alabama sustained the conviction. The United States Supreme Court reversed it and ordered a new trial. Quoting from the opinion in that case by Mr. Justice SUTHERLAND, p. 52: "The record shows immediately upon the return of the indictment defendants were arraigned and pleaded not guilty. Apparently they were not asked whether they had, or were able to employ, counsel, or wished to have counsel ap-

pointed; or whether they had friends or relatives who might assist in that regard if communicated with. That it would not have been an idle ceremony to have given the defendants reasonable opportunity to communicate with their families and endeavor to obtain counsel is demonstrated by the fact that, very soon after conviction, able counsel appeared in their behalf. This was pointed out by Chief Justice ANDERSON in the course of his dissenting opinion. 'They were non-residents,' he said, 'and had little time or opportunity to get in touch with their families or friends who were scattered throughout two other states, and time has demonstrated they could or would have been represented by able counsel had a better opportunity been given by a reasonable delay in the trial of the cases, judging from the number and activity of the counsel that appeared immediately or shortly after their conviction.' 224 Ala. at pp. 554-555; 141 So. 201.'' ......
"The right to be heard would be, in many cases, of little avail if it did not comprehend the right to be heard by counsel. Even the intelligent and educated layman has small and sometimes no skill in the science of law. If charged with crime, he is incapable, generally, of determining for himself whether the indictment is good or bad. He is unfamiliar with the rules of evidence. Left without the aid of counsel he may be put on trial without a proper charge, and convicted upon incompetent evidence, or evidence irrelevant to the issue or otherwise inadmissible. He lacks both the skill and knowledge adequately to prepare his defense, even though he have a perfect one. He requires the guiding hand of counsel at every step in the proceedings against him. Without it, though he be not guilty, he faces the danger of conviction because he does not know how to establish his innocence. If that be true of men of intelligence, how much more true is it of the ignorant and illiterate, or those of feeble intellect. If

in any case, civil or criminal, a state or federal court were arbitrarily to refuse to hear a party by counsel, employed by and appearing for him it reasonably may not be doubted that such a refusal would be a denial of a hearing, and therefore, of due process in the constitutional sense." ...... "In Hendryx v. State, supra, (130 Ind. 265, 268-269; 29 N. E. 1131), there was no statute authorizing the assignment of an attorney to defend an indigent person accused of crime, but the court held that such an assignment was necessary to accomplish the ends of public justice, and that the court possessed the inherent power to make it. 'Where a prisoner,' the court said (p. 269), 'without legal knowledge, is confined in jail, absent from his friends, without the aid of legal advice or the means of investigating the charge against him, it is impossible to conceive of fair trial where he is compelled to conduct his cause in court, without the aid of counsel ...... Such a trial is not far removed from an *ex parte* proceeding.' "

The right to be represented by counsel is a fundamental right, going to the very basis of the administration of the criminal law, and places on the trial judge the onus to inform the defendant of his rights and to assist him in obtaining the benefits of those rights. The failure of the court to inform him of his rights amounts to a denial of the right.

In the instant case, it was the duty of the trial judge to have informed the defendant that he had a right to counsel, and to subpoena witnesses who might testify for him. The failure of the court to so inform him, or to appoint counsel for him was fundamental error. As was said by Mr. Justice COULTER, in Brown v. Hummel, 6 Pa. 87, 97: "When the humblest citizen comes into this court with the Constitution of his country in his hand, we dare not disregard the ap-

peal." The first, second and fifteenth assignments of error are sustained.

In view of our action on these assignments, the other assignments need not be discussed.

Judgment reversed and new trial granted.