Commonwealth *v.* Valerio (De Stasio, Appellant).

Submitted March 11, 1935.

Before KELLER, P. J., CUN-
INGHAM, BALDRIGE, STADTFELD, PARKER, JAMES and
RHODES, JJ.

*Henry D. O'Connor,* for appellant.

*Vincent A. Carroll,* Assistant District Attorney, and
*Charles F. Kelley,* District Attorney, for appellee.

OPINION BY STADTFELD, J., May 3, 1935:
Grazzio DeStasio, the appellant, a youth who became
17 years of age June 3, 1934, was arrested September 8,

1934, and held by the police and detectives of the City of Philadelphia until September 17, 1934, on which date he was given a hearing before Magistrate Girard and discharged for lack of evidence. On September 19, 1934, he was re-arrested. On September 24, 1934, a written confession was procured by the detectives. Appellant contended that his confession was procured through fear of again being placed in "cold storage" by the police and because of actual physical duress.

Appellant was charged jointly with one Ruggerio Valerio on three bills of indictment with robbery by holdup. The indictments came on for trial October 2, 1934, when both defendants pleaded "not guilty" but were continued to October 9, 1934, when they were tried. The defendants were not represented by counsel at the trial. Quoting from the opinion of KUN, trial judge, "While the name of the Voluntary Defender was noted on the trial list opposite the listing of the case, the court was advised that he would not appear at defendants' trial as counsel." The testimony showed that defendants were charged with stopping trolley cars on three different occasions and robbing the operators thereof of funds in their possession, the property of the Philadelphia Rapid Transit Company.

The case was submitted to the jury without any charge upon the evidence or the law being made by the trial judge, and verdicts of guilty rendered by the jury on each indictment. On the same day, October 9, 1934, judgment was pronounced and both defendants sentenced to the state penitentiary for the Eastern District of Pennsylvania for a term of 10 to 20 years each. Motions for new trial were filed October 11, 1934, but never disposed of, the court apparently considering the same as a nullity, no request for permission to file same having been made after sentence.

The only assignments of error which it is necessary to notice are the following: 1. The learned court below

erred in failing to give the defendant an opportunity to be represented by counsel. 2. The learned court below erred in failing to inform the defendant of his right to be represented by counsel, and to summon witnesses in his behalf and in failing to give him an opportunity to attend to these matters.

We held in the case of Commonwealth v. Richards, 111 Pa. Superior Ct. 124, 169 A. 464, in which an opinion was filed December 16, 1933, "It is the duty of the judge presiding at the trial of a criminal prosecution to inform a defendant, who appears without counsel, that he has a right, under Section 9 of Article I of the Constitution of Pennsylvania, to be heard by himself and his counsel and to subpoena witnesses who might testify for him. The failure of the court to so inform him, or to appoint counsel for him, is fundamental error."

As stated in said opinion, "The right to be represented by counsel is a fundamental right, going to the very basis of the administration of criminal law, and places on the trial judge the onus to inform the defendant of his rights and to assist him in obtaining the benefits of those rights. The failure of the court to inform him of his rights amounts to a denial of the right."

' Courts sit not only for the disposition of business, but primarily for the dispensation of justice. The trial judge was no doubt prompted by the best motives, and while there may not have been much doubt as to the guilt of the defendant, yet his conviction should not be attended by a denial of constitutional rights guaranteed to every individual.

The assignments of error referred to, supra, are sustained, the judgments reversed and new trial granted.