Commonwealth *v*. Cohen, Appellant, et al.

Argued May 4, 1936.

Before KELLER, P. J., CUNNINGHAM, BALDRIGE, STADTFELD, PARKER, JAMES and RHODES, JJ.

*William A. Gray,* for appellant.

*John A. Boyle,* Assistant District Attorney, with him *Charles F. Kelley,* District Attorney, for appellee.

OPINION BY JAMES, J., July 10, 1936:

Appellant, Tillie Cohen, was charged in ten indict-

ments with certain disorderly and immoral offenses. Mike Cohen—no relation to appellant—was charged in nine indictments with certain immoral offenses growing out of and related to the offenses charged against appellant. Both defendants were called for trial on all indictments on February 19, 1936, and from the record it appears as follows: "Mathew K. Stevens, Esq. for Mike Cohen. (Defendant Tillie Cohen not represented)." On behalf of Mike Cohen, Mr. Stevens' motion for a continuance, to which objection was made by the Commonwealth, was refused. Counsel then called upon the Commonwealth to elect upon which indictment it desired to try Mike Cohen stating, "I only represent Mike Cohen in this matter." Mr. Stevens again moved for a continuance and a severance only as to Mike Cohen, which motions were refused.

At the conclusion of the Commonwealth's case, the following discussion appears: " . . . . . . The Court: You mean that you will not put your client on the stand? Mr. Stevens: No, sir. The Court: All right. Let it go to the jury. By the way, you do not represent Tillie Cohen, do you? Mr. Stevens: No, sir. The Court: Do you want to go on the stand? (Addressing defendant, Tillie Cohen.) You do not want to go on the stand. Put that on the record." Both defendants were convicted on all bills. Motions for a new trial and arrest of judgment were filed by Mr. Stevens, and upon the argument the following colloquy took place: "The Court: How about Tillie? Mr. Stevens: I do not represent Tillie. The Court: Why you represented Tillie Cohen for years? Mr. Stevens: For ten years—well, I would not say ten, I would say about nine years. The Court: Isn't it true that anybody might infer that it was a piece of strategy on your part to make that motion, saying that you represent Mike Cohen and not your old client Tillie at the time of trial, when as a matter of fact, you represented both? Mr. Stevens: No,

sir; I do not represent both. If your Honor please, I have not represented Tillie Cohen for the last two years." Sentence was imposed upon both, Tillie Cohen being sentenced upon indictment No. 617, February Sessions 1936, on the charge of pandering. Tillie Cohen alone appeals.

The assignments of error, which are important on this appeal, are the following: (1) The learned court below erred in failing to inform appellant of her right to be represented by counsel and to subpoena witnesses in her behalf; (2) the learned court below erred in failing to afford appellant an opportunity to obtain counsel and to subpoena witnesses in her behalf, and (3) the learned court below erred in failing to appoint counsel for appellant. This question was before us in the recent case of *Com. v. Valerio,* 118 Pa. Superior Ct. 34, 36, 178 A. 509, where we said: "We held in the case of *Commonwealth v. Richards,* 111 Pa. Superior·Ct. 124, 169 A. 464 ...... 'It is the duty of the judge presiding at the trial of a criminal prosecution to inform a defendant, who appears without counsel, that he has a right, under Section 9 of Article I of the Constitution of Pennsylvania, to be heard by himself and his counsel and to subpoena witnesses who might testify for him. The failure of the court to so inform him, or to appoint counsel for him, is fundamental error.'

"As stated in said opinion, 'The right to be represented by counsel is a fundamental right, going to the very basis of the administration of criminal law, and places on the trial judge the onus to inform the defendant of his rights and to assist him in obtaining the benefits of those rights. The failure of the court to inform him of his rights amounts to a denial of the right.' "

In his opinion the trial judge set forth the criminal record of appellant, from which he concluded she was aware of her legal rights. In addition the trial judge

was influenced by the fact that the attorney representing Mike Cohen had represented the appellant for the same offences on other occasions, and substantially represented both defendants at the trial. The mere fact that appellant employed Mr. Stevens on other occasions did not warrant the court in inferring he represented appellant at this trial, as the record is replete with instances which showed he was not her counsel and made no effort to protect her interests. From the opening of the trial until its close, numerous exceptions were noted for Mike Cohen, but none on behalf of appellant. The duty of the trial judge in a criminal case to inform a defendant, who appears without counsel, that he has a right to be heard by himself and his counsel and subpoena witnesses, who might testify for him, is not limited by the age or experience of the accused nor by the gravity of the offense; it applies with equal force to every defendant in a criminal prosecution who appears without counsel. Nor are we persuaded that "a well conceived plan of procedure was evolved to create a condition unsupported by honest foundations." Had counsel for Mike Cohen or appellant had such a plan in mind, it could easily have been thwarted by the trial judge in informing appellant of her rights. That appellant was without counsel, clearly appeared at the opening of the trial, was repeated during the preliminary motions, and fully recognized at the close of the trial. In view of the fact that the evidence fully warranted the conviction, we regretfully reach the conclusion that the failure of the trial judge to inform appellant of her right to be heard by counsel was a fundamental error and these assignments must be sustained and a new trial granted.

In view of our conclusion that a new trial must be granted, we need not discuss assignments of error four or five, relating to the refusal of the court below to grant a severance and to withdraw a juror on account of cer-

tain improper remarks made to the jury by the prosecuting attorney during his closing address. As to the latter assignment, it may not be amiss, to say that as a quasi judicial officer, a more modified type of appeal would be more consistent with his functions. As to the sixth assignment of error, we are convinced that the record fully warranted a conviction on the indictment upon which appellant was sentenced.

Judgment reversed and a new trial granted.