# Commonwealth ex rel. *v.* Hutton.

*Appeals—Diminution of record—Mandamus—Return of trial judge.*

Where a petition for a mandamus in an appellate court contains a suggestion of a diminution of the record, and a special return of the trial judge shows that the record had been fully and perfectly returned, and contained a complete transcript of all papers actually filed in the cause, the court will discharge the rule for mandamus, and refuse the application to take depositions in opposition to the return of the judge below.

Appeal, No. 106, Oct. T., 1906, from judgment of Q. S. Phila. Co.

Rule to show cause why an alternative mandamus should not issue.

*F. T. Tobin,* for the rule.

*John G. Johnson,* contra.

Per Curiam, November 12, 1906:

The appeal, in aid of which this mandamus is asked, is from an order awarding an attachment for contempt in a habeas corpus proceeding in which the appellant was respondent. The appellant had not been arrested upon the bench warrant at the time the appeal was taken; nor has he since been arrested, or submitted himself to the judgment of the court. The prayer of the petition is that a mandamus issue directing the judge before whom the proceeding was pending to return to this court two certain affidavits alleged to have been filed in the court below, also a certain paper containing exceptions to rulings of the judge, which paper is alleged to have been filed with the clerk on May 10, 1906. It is to be observed that the order awarding the attachment was made on the preceding day. In response to the rule to show cause why an alternative writ of mandamus should not issue, the judge returns that the affidavits referred to never were filed, nor permitted to be filed in the cause, but on the contrary he refused to permit them to be filed, and that they form no part of the record. As to the

alleged exceptions, he returns that he is informed by the clerk that the attorney delivered to the clerk a paper entitled exceptions to his rulings in said cause, but that the clerk declined to file the same because they had not been allowed by him as the judge who tried the said cause in accordance with the practice of the court. He further says, such exceptions were not taken at the hearing of the cause, were never presented to him by the attorney for allowance, and were never allowed by him. He concludes as follows: "I gave no instructions to the clerk of the court of quarter sessions as to the making up of the record for your honorable court in this cause. The record in this cause as certified to your honorable court contains a complete transcript of all papers actually filed in said cause."

The well-established practice, where it is alleged that the record as returned is incomplete, is to suggest diminution of the record, and pray for a certiorari to the court below to bring up the part of the record which is missing. This practice has not been followed in this case, but the departure from it is not such as to permit a different disposition of the present application from what would be made if the ordinary practice had been duly followed. We have in substance a suggestion on the part of the appellant of diminution of the record, and a special return by the judge, in addition to his return upon the writ originally issued, that the record has been fully and perfectly returned, and that there is nothing forming part of the record which was not sent up with the return to the original writ. This being so, the disposition which ought to be made of this rule to show cause is perfectly plain. In the case of Bassler v. Niesly, 1 S. & R. 472, it appeared that on the certiorari upon a suggestion of diminution directed to the president of the court below, he stated certain facts and then "submitted to the judges of his court whether certain matters ought to be returned and certified as part of the record." The Supreme Court declined deciding the question thus submitted to them by the judge below, and issued a certiorari in common form, directing the judge below to determine and make such return as was proper under the circumstances, but TILGHMAN, Chief Justice, said that if the president had made the return that there was no such matter remaining of record as that which was mentioned in the suggestion, he should have considered

it altogether improper to make further inquiry. The precise question was decided by the Supreme Court in the case of Flagg v. Searle, 31 Legal Intelligencer, 101, decided in 1874. There, upon a suggestion of diminution of record, a certiorari issued to the judges of the court below setting forth the part of the record alleged to be wanting, and commanding the judges " if so be " to send the residue, etc. To this certiorari the president judge made specific return that all the exceptions had been certified to the court, and that the record was full and complete. The appellant thereupon petitioned for a mandamus, substantially as was done in this case, but this was refused, the court declaring that the return must be taken as conclusive in the ·proceedings then before the court. This is in accordance with other cases cited in the opinion of the court; see also Haines v. Commonwealth, 99 Pa. 410, 421. It follows that the present rule must be discharged, and also that the application to take depositions in opposition to the general and special returns of the judge below, must be refused.

The rule to show cause is discharged.