Opinion by
Morrison, J.,
The issue for trial was, under the pleadings, a very simple one. The defendant was clearly entitled to enter upon the locus in quo and construct, maintain and operate the railroad in question, for the purpose, at least, of mining and removing the coal from the land conveyed by the John B. Miller deed, and also of transporting such coal and other freight through and over said land. The rights of the defendant are conceded on all hands to be embraced in the Miller deed, dated September 25, 1884. It contains the following: “Together with the right to enter, mine and take away all of the coal, and make such openings, shafts, shutes, dumps, improvements, roads and railroads on the land as in the judgment of the parties of the second part, their heirs and assigns, may be necessary to conveniently mine the same, and transfer such coal and other freight through and over said lands.” It is conceded that the plaintiff purchased a portion of said land, with the Miller deed and the other conveyance vesting title in the defendant on the records, and he is thus visited with legal notice of the rights of the defendant in the premises. There is no dispute about the fact that the defendant entered upon the *7 land and constructed, what, in his judgment, was a suitable and proper railroad to remove the coal therefrom. Under his grant the defendant was clothed with the discretion of constructing said road and locating it as would best effectuate his purposes. After the construction of the railroad by the defendant, the plaintiff brought the present action of trespass and we read his declaration to ascertain his cause of action.
The first material averment is that the defendant, in crossing the lands of the plaintiff with his line of steam railway, and by reason of his laying this line of railway, caused the plaintiff an extraordinary amount of damages. These damages are then set out: (a) The railway is placed too close to the new house and barn of plaintiff, making it necessary for him to remove his barn, also it ran too close to the house, making it unfit to live i'n and dangerous to children and adults, and at the time of building the said railway, the windows were broken and the roof punctured by stones and other missiles thrown by said blasts, (b) The railroad runs between the plaintiff’s house and a spring of water, and the strip of land on which the spring is located is “cut in between” the railroad of the defendant and the New York Central Railway, and plaintiff has no crossing, and he was compelled to fence the railway of defendant. The declaration then closes by averring, on account of the acts of the defendant above stated, he has been put to great inconvenience and damage to'the amount of $1,000.
Starting with the proposition that defendant had the right to construct and operate this railroad over plaintiff’s land, and the right to use his own judgment as to its location, what damages, under the pleadings, was the plaintiff entitled to recover? Clearly only'such as result from the wanton, willful or negligent acts of the defendant, or those acting by his direction. To put it in the language of the plaintiff’s declaration, extraordinary damages. We have examined the evidence with care, and it is not sufficient under the pleadings to sustain the verdict.
It is true there is some evidence of slight damage ,to the barn caused by a blast, but there is evidence that the defendant repaired this injury at his own expense. There is also evi *8 dence that a window of the house was broken, but the amount of the latter damage is not proved.
On what theory, then, did the jury find for the plaintiff in the sum of $850? It was because the court below permitted the jury to find whether the defendant constructed the railroad in good faith for the purpose of moving the coal from the Miller land, and transporting other freight incident thereto, or for another purpose. The logic of the learned court’s instructions is, if the jury find the latter purpose, they can assess damages against the defendant radically different from those set up in his declaration. This theory of the learned court we consider clearly erroneous. The question to be tried was, under the pleadings, whether in the exercise of his right to construct and operate the railroad, over plaintiff’s land, the defendant inflicted extraordinary damages? If he did, there could be a recovery; if not, there should have been a binding instruction for defendant. Whether the defendant has the right to haul other coal and freight, not connected with the Miller land, over his railroad, we do not consider properly raised in this suit, and we decline to decide that question. If the defendant makes an unlawful use of the road, a use not authorized by his grant, the plaintiff, if injured thereby, will have his remedy.
We find in the record seventeen assignments of error, but the view we take of the case makes it unnecessary to discuss the assignments seriatim. The view above indicated requires us to sustain the first four assignments of error, because in the instructions therein complained of the court below, in effect, left to the jury to inquire into and determine the rights of the defendant under the Miller deed. These rights were clear ■and undoubted, and are not to be determined by a jury in an action of trespass. The fifth assignment of error is not without merits, but the disposition we are making of the case does not require us to sustain it.
A question of practice is raised by the sixth to the fourteenth assignments, inclusive, and we will briefly notice it. These assignments aver that the learned court below did not read and answer in the hearing of the jury certain of defendant’s *9 points. Each of said assignments so asserts, but, on looking at the defendant’s exceptions taken after the jury retired, we find no such complaint. The record as made up by the court below supports the theory that the points were read and answered orally to the jury. Judging by the record it was manifestly the duty of the learned court to read and answer these points in the hearing of the jury. We are now asked to convict him of the palpable disregard of his duty on the assertion and argument of the learned counsel for the defendant. This we cannot do. The only thing we find in the record tending to support the claim that the court made up a false record is a short excerpt from the charge, to wit: “There is a point directly covering that question and we are asked to consider it favorably to the defendant. We refuse to do so. We have covered all these points in our general charge and we will pass upon them, file them and refuse or affirm such points as meet with our view of the case in our general charge to the jury.” But this is ambiguous, and it is not a clear statement that the court did differently than the record shows. The defendant's counsel avers positively that his points and the court’s answers were not read to the jury. On the other hand, the plaintiff’s counsel avers that they were so read. The record tends to sustain the latter position, and we cannot sustain any of the assignments based on that ground.
The fifteenth assignment of error is that the court erred in not giving a binding instruction for the defendant. If it were not for the averment and evidence of the injury to the plaintiff’s bam and house we would sustain this assignment, but we think those alleged injuries may fall under the head of extraordinary damages, and that a verdict might have been rendered therefor under appropriate instructions. What has already been said requires us to sustain the sixteenth assignment. The seventeenth assignment is that the court erred in not sustaining a motion for judgment for defendant non obstante veredicto on the whole record." This assignment cannot be sustained for the same reason we have given as to the fifteenth assignment. We sustain the first, second, third, fourth and sixteenth assignments, and reverse the judgment and send the *10 case back for a new trial of the question of extraordinary damages only. We are clearly of the opinion that the question whether the defendant constructed his railroad for the purpose of moving coal through, or over other lands and transporting freight incident thereto cannot be tried and determined in this action of trespass.
The judgment is reversed with a new venire.