## Dental Manufacturing Supply Company *v.* Southern Railway Company, Appellant.

*Carriers—Consignments—Arrival notice—Practice Act of 1915 —Affidavit of defense—Offer in evidence—Record—Amending record—Act of May 11, 1911, P. L. 279.*

A plaintiff is bound by the averments in an affidavit of defense, when he offers them in evidence.

Generally speaking a trial judge is the ultimate arbiter as to what constitutes the record. Where both parties have disregarded the provisions of the Act of May 11, 1911, P. L. 279, relating to the compilation of the record, the action of the court amending it will not be disturbed.

In an action of assumpsit for the value of .certain merchandise delivered to a common carrier, a judgment for plaintiff will be sustained, where the issue was whether or not the railroad company had given notice to the consignee of the arrival of the goods at the destination, and the evidence was sufficient to maintain the findings in favor of the plaintiff.

Argued October 3, 1923.  Appeal, No. 72, Oct. T., 1923, by defendant, from judgment of the Municipal Court of Philadelphia, April T., 1921, No. 607, in favor of plaintiff in case tried by the court without a jury, in the suit of The Dental Manufacturing Supply Company v. Southern Railway Company.  Before ORLADY, P. J., PORTER, HENDERSON, TREXLER, KELLER, LINN and GAWTHROP, JJ.  Affirmed.

Assumpsit for breach of contract on the part of common carrier.  Before WALSH, J., without a jury.

The facts are stated in the opinion of the Superior Court.

The court entered judgment in favor of the plaintiff in the sum of $209.10.   Defendant appealed.

*Errors assigned* were various findings of fact, conclusions of law and the action of the court in amending the record.

*Rodney T. Bonsall,* and with him *Benjamin O. Frick,* for appellant.

*Glenn A. Troutman,* and with him *J. Wesley McWilliams,* for appellee.

OPINION BY TREXLER, J., February 29, 1924:
The case was tried in the municipal court without a jury.  The plaintiff sued to recover certain dental supplies which had been received by the defendant, the Southern Railway Company, as initial carrier and had been transported to Philadelphia and there sold under

an order of court by a storage company, the Pennsylvania Railroad, the carrier at the place of destination, alleging in the petition to the court that the residence and place of business of the consignee was unknown and that it could not be found, although a diligent search and effort had been made to locate it. The whole case turned upon the question whether the railroad company had given notice of the arrival of the goods at destination to the consignee. At the trial the judge found in favor of the plaintiff, but thereafter entered judgment n. o. v. for the defendant. He gave no reason for his action, but we infer in view of plaintiff's subsequent action that the judge was moved to do this by reason of the fact that on the record as then existing the plaintiff had offered the affidavit of defense in evidence and in that affidavit there was an allegation that notice of the arrival of the goods had been given by the carrier. Of course, under the ruling in Buehler v. United States Fashion Plate Company, 269 Pa. 428, the plaintiff was bound by the averments in the affidavit when he put them in evidence, consequently the court was technically right in entering judgment n. o. v. After the judgment was entered the plaintiff presented its petition alleging among other things that the only question raised at the trial was the sending of notice, and that that was a question of fact which the trial court had found in its favor; that it had offered a part of the affidavit of defense, but had subsequently withdrawn it and the record did not show such withdrawal, and was incorrect and incomplete. The defendant filed an answer, not challenging the right of the plaintiff to have redress if the facts in the petition were correct, denying that such were the facts and that the court erred in determining that an arrival notice had not been sent because that was a question both of law and fact and the court was wrong upon the view it had taken of the law. The court amended the record by striking out the offer of the affidavit of defense and directed an oral reargument of the question of judgment n. o. v. and

afterwards filing no opinion confirmed its original find-
ing in favor of the plaintiff.

The questions raised on the appeal are: (1) Had the
court the right to amend or correct the record? Gener-
ally speaking the trial judge is the ultimate arbiter as to
what constitutes the record. The appellant insists that
the only way to settle the record is by proceeding under
the Act of May 11, 1911, P. L. 279. As provided therein
it is the duty of the stenographer when he files the testi-
mony to give notice to the parties interested or their
counsel and such notice being given, the record becomes
official, unless exceptions are filed within fifteen days.
It does not appear that any notice was given in this case
and both parties in the court seemed to ignore the Act of
1911. The petition to amend was filed May 27, 1922, and
answered June 1, 1922, and not decided until Nov. 21,
1922, neither party making any move, in the meanwhile,
to have a hearing as provided by the Act of 1911 or to
have the stenographer send out the notice required by
that act, but both were apparently willing that the court
should decide the question upon petition and answer.
Under the Act of 1911 the duty placed on the court after
the hearing is to make such order as shall "be necessary
in order to comport with the occurrences at the trial."
Under the circumstances of this case, we are not con-
strained to send the case back in order that the record
may be settled under the Act of 1911, for it would merely
cause another delay as, no doubt, the court relied upon
its recollection of the transaction and would decide the
matter the same way if it were again presented. We are
the more inclined to this course as the case was fully
tried on its merits. The defendant, notwithstanding, the
alleged offer of the affidavit of defense went into the
proof of the sending of the arrival notice and this lends
plausibility to the plaintiff's statement that it had of-
fered the affidavit for a particular purpose and that it
had subsequently withdrawn it because the admission it

had sought to introduce was supplied by the testimony submitted by the defendant.

(2) The appellant claims that the court should have as a matter of law decided that the proof of mailing the notice was sufficient, that the testimony as to the sending of the arrival notice was uncontroverted and, therefore, had to be accepted. The last utterance of this court upon this subject was by Brother HENDERSON in American Chemical Laboratories v. Wayne Junction Trust Company, 81 Pa. Superior Ct. 137. The well recognized rule is there stated that the posting of the letter properly addressed and prepaid raised a natural presumption founded on common experience that it has reached its destination in due course of mail. It is prima facie evidence that it was received by the person to whom it was addressed, but that prima facie may be refuted by evidence showing it was not received. In the present case the matter was plainly for the court as judge of the facts. The plaintiff's witnesses testified that it had never received the arrival notice and the proof of the mailing was such as would clearly put upon the judge, as trier, the inquiry as to their credibility. When the way bill was received by the Pennsylvania Railroad Company the carrier in charge at point of destination, the proper name of the consignee was not fairly given and although the employee testified that in transcribing, he changed what he said was "Dental Man Jolter Sup. Co." to "Dental M. Sup. Co.," the court sitting as a jury was not bound to believe his story.

(3) Was there proof of the contents of the shipment? Apparently this was not the subject of contention in the trial and we, therefore, refer to it briefly. The goods were sent by the plaintiff by mistake to Statesville, N. C., subsequently the consignee was told to send them back and they were returned in the same package without it having been opened. There was evidence to show that the goods were in good condition and were so receipted for at the point of reshipment and continued to be so

until sold by the Warehouse Company, at least such is the presumption: 10 C. J. 371. The railroad company made no attempt to show that the goods were not in good condition when they were shipped and there is no reason to infer that they were not. .

All the assignments of error are overruled. The judgment is affirmed.