## Commonwealth of Pennsylvania v. Bailey, Appellant.

*Summary convictions—Violation of motor vehicle regulations, Section 20, Act of June 30, 1919, P. L. 678—Practice—Record—Certificate of trial judge—Act of May 11, 1911, P. L. 279.*

Section 20 of the Act of June 30, 1919, P. L. 678, as amended by the Act of April 27, 1925, P. L. 254, provides that "when any motor vehicle or motorcycle is in motion on a public highway not so lighted as to render any substantial object clearly discernible at a distance of two hundred feet it shall show headlights or a headlight in conformity with this section."

On an appeal from a judgment of the county court of Allegheny County sustaining a summary conviction for driving a motor vehicle without proper lights, it appeared that defendant was driving at night without lighted headlights.   The evidence was conflicting as to whether the public highway along which defendant was driving was so lighted as to render any substantial object clearly discernible at a distance of two hundred feet.   Under such circumstances a finding against the defendant will be sustained.

Where in such case it was alleged merely that a different conclusion should have been reached from the evidence, and not that there was no competent evidence to support the finding, the appellate court will not go into an examination of the credibility of the witnesses or contradictions in their testimony.

The remedy for correcting errors in the official stenographic record of a trial is provided by the Act of May 11, 1911, 279, and a motion for a new trial based upon alleged inaccuracies will be refused.

A statement in the opinion of the lower court that the record is substantially correct does not supply the lack of a judge's certificate.   But when a review of the evidence is given in the opinion and

no motion to quash the appeal was made by the appellee, nor a suggestion of certiorari sur diminution made by the appellant, an appellate court will not consider the record open to contradiction.

Argued March 14, 1927. Appeal No. 146, April T., 1927, by defendant from judgment of County Court of Allegheny County, 1926, No. 779, in the case of Commonwealth of Pennsylvania v. George E. Bailey. Before PORTER, P. J., HENDERSON, TREXLER, KELLER, LINN, GAWTHROP and CUNNINGHAM, JJ. Affirmed.

Summary conviction for violating motor vehicle laws. Before KENNEDY, P. J., McKIM and FOSTER, JJ.

The facts are stated in the opinion of the Superior Court.

Appeal from County Court. Verdict of guilty on which judgment of sentence was passed. Defendant appealed.

*Errors assigned* were refusal of a new trial and judgment of the Court.

*Harold C. Lowe,* for appellant.

*J. M. Russell,* for appellee.

OPINION BY CUNNINGHAM, J., April 22, 1927:

Appellant was summarily convicted by the Burgess of the Borough of Ingram of a violation of Section 20 of the Act of June 30, 1919, P. L. 678, relating to and regulating the use of motor vehicles, et cetera, as amended by the Act of April 27, 1925, P. L. 254, 272. An appeal was allowed by the County Court of Allegheny County, which court, after hearing all the evidence offered on behalf of the Commonwealth and of the defendant, adjudged him "guilty of the offense of driving without proper lights as required by law" and imposed a fine and costs. Defendant's motion for a

new trial was heard by three judges of the court below
and a new trial refused in an opinion filed December
29, 1926. On January 19, 1927, defendant took this ap-
peal and the court below entered an order making it
a supersedeas. It was agreed by counsel to print all
the testimony taken in the case. The transcript of the
testimony is certified by the official reporter but we do
not find in the record as printed by appellant the cer-
tificate of the trial judge required by Section 4 of the
Act of May 11, 1911, P. L. 279.

At the trial it was not controverted that appellant,
about nine o'clock at night, was driving a motor vehicle,
without lighted head lights but having lighted side lights
on opposite sides thereof, along Prospect Avenue to-
ward the intersection of that street with Ingram Avenue
in the Borough of Ingram. Counsel for appellant con-
tended (and we think correctly) that the issue was one
of fact, namely, whether the public highway along
which he was driving was at the time of the alleged
violation "so lighted as to render any substantial ob-
ject clearly discernible at a distance of two hundred
feet." The applicable provision of the act reads "when
any motor vehicle or motorcycle is in motion on a public
highway not so lighted as to render any substantial
object clearly discernible at a distance of two hundred
(200) feet it shall show headlights or a headlight in
conformity with this section." The evidence with re-
spect to the extent to which the street in question was
then lighted was conflicting. Two witnesses for the
Commonwealth testified that the highway upon which
the defendant was driving, admittedly without showing
head lights, was not so lighted as to render a sub-
stantial object clearly discernible at a distance of two
hundred feet and the defendant and two witnesses
called by him testified that it was so lighted. Under
this conflicting evidence the trial judge found against
the defendant. A different conclusion could have been

drawn from the evidence but there was competent and relevant evidence to support the finding. Such being the case, an appellate court will not go into an examination of the credibility of the witnesses and the contradictions in their testimony: Eichman v. Hersker, App., 170 Pa. 402, 414; Smith v. Kaufman, App., 30 Pa. Superior Ct. 265, 269. It was not alleged in the motion for a new trial that there was no competent and relevant evidence to support the finding but merely that a different conclusion should have been reached. The principal reasons assigned for a new trial were that the official stenographic record of the trial was so inaccurate and erroneous that the defendant had been deprived of his right to have his case properly reviewed by the full bench of the county court and by this court. The contention of the learned counsel for appellant is that the Commonwealth tried this case upon the theory that the condition of the highway, with respect to being lighted or not lighted to the degree specified in the act, was immaterial, and that the defendant should be convicted merely because he was driving without showing head lights during the period from one hour after sunset to one hour before sunrise. It is alleged that the trial judge adopted this theory and counsel for defendant attached, as an exhibit to his motion for a new trial, a statement of his recollection of certain occurrences at the trial consisting of objections by counsel for the Commonwealth to evidence relative to the extent to which the street was lighted and alleged rulings of the trial judge expressing his opinion that the evidence objected to was immaterial but admitting it over the objection of the Commonwealth. This statement of counsel's recollection of the occurrences alleged to have been omitted by the stenographer in preparing the transcript was corroborated by the affidavits of several persons present at the trial. An examination of the testimony, as certified by the official stenographer, would not in-

dicate that the representative of the Commonwealth tried the case upon the above theory. On the contrary the transcript contains the following statement as having been made by the representative of the Commonwealth: "The only disputed fact in this case is the lighting of these streets. If you find that these streets were so lighted that you could see substantial objects 200 feet away, then, of course, you should find for the defendant. But our contention is that these streets were not sufficiently lighted to see substantial objects at that distance." Counsel for appellant asserts that this statement was never made by the representative of the Commonwealth, but that representative asserts in his brief that it is his recollection that the statement was made. In the opinion refusing a new trial it is pointed out that there is no complaint "that any testimony on the part of the defendant or of the Commonwealth has been omitted or that the defendant was prevented in any manner from putting in his entire case." This opinion also contains the following finding relative to the accuracy of the transcript: "We do not concede that the record is in any way faulty, but assert that the record is substantially correct."

The assignments of error are based upon the refusal of a new trial and repeat, in substance, the reasons urged in the court below and charge particularly that the official stenographic record of the trial is so incorrect and erroneous that the defendant has been deprived of the right to have his case properly reviewed by this court. Appellant cannot thus impeach the record. If the transcript of the evidence does not comport with the occurrences at the trial counsel for appellant has mistaken his remedy. By the 4th Section of the Act of 1911, supra, an effective method is provided for making the transcript of the stenographer "comport with the occurrences at the trial" when, as

here, it is alleged that the transcript does not correctly
state what occurred at the trial. This record is not
in a satisfactory condition. As stated, there is no
certificate of the trial judge approving the transcript
and directing it to be filed, but there is the statement
we have quoted from the opinion of the court below
to the effect that the record is substantially correct.
No motion to quash the appeal was made by the ap-
pellee, nor was there a suggestion of certiorari sur
diminution of record in behalf of appellant. We are
not to be understood as saying that the statement in
the opinion of the lower court supplies the lack of a
formal certificate, but, under all the circumstances of
this case, we may consider it as confirmatory of the
substantial accuracy of the transcript. The conclusive-
ness of the trial judge's certificate was recognized by
this court in Commonwealth v. Fitzpatrick, App., 1 Pa.
Superior Ct. 518, in which case it was held that, where
there is a variance between the stenographer's notes
of testimony and the judge's notes, the judge's certifi-
cate is to be regarded as the proper and paramount
record of the evidence. The report of the evidence
duly certified by the trial judge is not open to con-
tradiction in the appellate court and the report de-
pends for its presumption of verity upon the certificate
of the judge: Farley v. Altoona and Logan Valley
Electric Railway Co., App., 32 Pa. Superior Ct. 413;
see also Com. ex rel. v. Hutton, 32 Pa. Superior Ct. 66,
and cases there cited. In Krug v. Peale, App., 35 Pa.
Superior Ct. 1, counsel for the appellant averred that
the trial judge did not read and answer in the hearing
of the jury certain of defendant's points. The record,
although somewhat ambiguous, indicated that the
points were read and answered orally to the jury. This
court declined to consider the statements of counsel
and dismissed the assignments based upon this aver-
ment. To sustain the assignments in this case would

be to impeach the record and this we decline to do: Doylestown Distilling Company's App., 9 Pa. Superior Ct. 96.

The assignments of error are overruled and the judgment is affirmed.