## Conner Appeal.

Argued April 21, 1954. Before RHODES, P. J., HIRT, ROSS, GUNTHER, WRIGHT, WOODSIDE and ERVIN, JJ.

*John S. Neal, Jr.,* with him *Morris Smith,* for appellant.

*Joseph W. deFuria,* Assistant County Solicitor, with him *Edward H. P. Fronefield,* County Solicitor, for Delaware County Bureau of Elections, appellee.

PER CURIAM, April 22, 1954:

The Order of the court below is affirmed at appellant's costs. The opinion of this Court will be filed at a subsequent date.

PER CURIAM, May 8, 1954:

These three appeals are from alleged dismissals by the Court of Common Pleas of Delaware County of

petitions to set aside nomination petitions for party offices. Eleven such petitions had been filed and a hearing was held on March 26, 1954. The appeals relate to three of the nomination petitions, to wit, Stella A. Snyder (No. 173, October Term, 1954), Richard Snyder (No. 174, October Term, 1954), and Ernestine Powers (No. 175, October Term, 1954).

Testimony was presented on the petition of Stella A. Snyder, and this was made applicable to the petition of Richard Snyder. But the petitions to set aside the nomination petitions of Stella A. Snyder and Richard Snyder were withdrawn as well as the other eight petitions of like nature, leaving only the nomination petition of Ernestine Powers.

No testimony was offered as to the nomination petition of Ernestine Powers. Counsel offered in evidence the Powers petition and rested.

There was an obvious error in the Powers petition in that the affidavit had typed therein the name of Ernestine Powers instead of that of the affiant Pauline Pellegrino by whom the affidavit was signed and sworn to.

The court permitted an amendment to the affidavit of the Powers nomination petition by striking out the typewritten name of Ernestine Powers and inserting the name of Pauline Pellegrino, the affiant. The petition to set aside was thereupon dismissed.

The record as certified and filed in this Court conclusively shows that counsel for the petitioners withdrew all petitions to set aside the nomination petitions except the one relating to the Powers nomination petition.

The following appears on the record: "Mr. Smith: Your Honor, we will withdraw the petitions. The Court: You are withdrawing the petitions? Mr. Smith: Except the last one. The Court: Let the record show

that . . ." The court thereupon had noted upon the record the withdrawal of each petition by name, number, and term. Thereafter the following appears: "Mr. Smith: That just leaves the one case of Ernestine Powers. The Court: All.right, we will proceed on that. Let the record show that the court gave counsel for the petitioners permission to withdraw these petitions."

The petitions to set aside the nomination petitions of Stella A. Snyder and Richard Snyder having been withdrawn, there is nothing before this Court for disposition on those appeals.

In the court below counsel for the petitioners stated, as to the nomination petition of Ernestine Powers, that "our complaint here is that the petition is defective on its face." There was no objection or exception taken to the allowance of the amendment to the Powers petition. The appeal has been from the dismissal of the petition to set aside. No question is raised as to the correctness of the nomination petition of Ernestine Powers except that the name of Ernestine Powers appears in the affidavit instead of that of Pauline Pellegrino. There was no material error or defect apparent on the face of the petition or on the face of the appended affidavit. An amendment was allowed by the court after hearing which established no material defect. See Act of June 3, 1937, P. L. 1333, §977, as amended by the Act of May 21, 1943, P. L. 353, §1, 25 PS §2937. We find no abuse of discretion by the court below in allowing the amendment where the defect which was not fatal or material was apparent from the nomination petition itself which was the only item of evidence presented.

If we assume that the other petitions to set aside the nomination petitions raised a question of fact or of law, no consideration could be given thereto on this appeal in view of the withdrawal of the petitions. The

regularity of this action is established by the record, and appellant's complaint to the contrary is without any basis or justification.

Appellant's complaint as to the record is likewise without merit. The court below considered the request of counsel for the petitioners to make certain additions to the testimony which it was asserted had been omitted. The trial judge thereupon had certain conversations between the court and counsel added to the record. Thereafter no objection was made or exception taken to the transcript of the testimony which has been certified as a part of the record. The court below held that the testimony showed all the rulings of the court, requests and petitions made by counsel for the petitioners at the time of the hearing. The trial judge is the ultimate arbiter as to what constitutes the present record. *Dental Manufacturing Supply Co. v. Southern Railway Co.*, 82 Pa. Superior Ct. 558, 561. See, also, *Com. v. Bailey*, 91 Pa. Superior Ct. 17, 21. A judge is the constitutional head of his court, and it is his duty to see and certify that the record is absolute verity according to the facts as they actually took place. *Com. ex rel. Arrott Steam Power Mills Co. v. Arnold*, 161 Pa. 320, 327, 29 A. 270.

Appeals at Nos. 173 and 174, October Term, 1954, are dismissed; the order of the court below at No. 175, October Term, 1954, was affirmed on April 22, 1954, at appellant's costs; therefore the order of April 22, 1954, is amended accordingly.