## Dexter Nomination Petition

*Carmen F. Lamancusa*, for objectors.

HENDERSON, *P. J.*, March 24, 1975—Petitioner in this matter, being a candidate for the office of Treasurer of Lawrence County, petitioned the court to decree that the two nomination petitions filed by one of petitioner's opponents, Ward H. Dexter, be held to be defective and be set aside.

At hearing, petitioner based his objections to the petition of Ward H. Dexter on one ground, that being that the petitions, on their face, revealed that a number of signatures of the electors were obtained on the petitions subsequent to the date of the affidavit taken by the candidate on each petition, and the affidavit taken by the circulators on each petition.

At hearing, Ward H. Dexter frankly indicated to the court that in compliance with his understanding of the instructions he received upon obtaining the petition blanks, he then took them to a notary public and had them notarized prior to any signatures being obtained thereon, that any material errors or defects on the petitions were the result of a good faith mistake on his part, and that the date beside each signature on the petition was the true and correct date when the signature was obtained.

We shall permit the candidate and the circulator of each petition to file an amended affidavit in each instance, and, shall hold that the petitions are

valid. The Pennsylvania Election Code of June 3, 1937, P.L. 1333, art. IX, secs. 976 and 977, 25 PS §§2936 and 2937, govern this action. Of the different grounds for rejection of nomination petitions as set forth in the statute, the only one relevant to the facts of this case states: "No nomination petition, . . . shall be permitted to be filed if — (a) it contains material errors or defects apparent . . . on the face of the appended or accompanying affidavits." We hold that, since the petitions themselves show that the date of the affidavits on each petition precedes the date of a number of the signatures obtained on each petition, this constitutes a material error or defect on the face (25 PS §2936).

Section 2937 of the code states: "If the objections relate to material errors or defects apparent on the face of the nomination petition or paper, or on the face of the accompanying or appended affidavits, the court, after hearing, may, in its discretion, permit amendments within such time and upon such terms as to payments of costs, as the said court may specify."

Pennsylvania cases for many, many years have consistently held that the Election Code must be liberally construed so as not to deprive individuals of their right to run for office nor to deprive the voters of their right to elect candidates of their choice: Ross Nomination Petition, 411 Pa. 45, 190 A. 2d 719 (1963). We find that in construing the Election Code, the courts have been liberal in exercising their discretion to permit amendments of material defects in petitions where the affidavits to the nomination petitions were not taken by the alleged affiants. In many cases, the court permitted them to be validated by amended affidavits: Town Meeting Party, 26 Dist. R. 961 (1917). The omission of an official to complete a blank in the affidavit may be amended: Commonwealth v. Reeder, 1

Dauph. 284 (1897). Where the affidavit had the name of the candidate typed therein instead of the affiant by whom the affidavit was signed and sworn to, the court permitted an amendment to the affidavit: In re Snyder, 175 Pa. Superior Ct. 382, 104 A. 2d 758 (1954). The amendment was permitted to be made by any person including the candidate himself: Howell's Nomination, 5 Dauph. 304 (1903). Nomination petitions may be amended by the addition of proper affidavits of persons who know the facts: In re Objections to Nomination Papers, 46 Dauph. 37 (1939). A nomination paper found to be insufficiently vouched for was held not to be void but merely defective and subject to amendment: Weaver's Nomination, No. 1, 18 Dist. R. 943; 35 C.C. 481 (1908).

This case is very similar in its fact situation to the facts of Ross Nomination Petition, supra, which dealt solely with defective affidavits by the candidate and the circulators.

Since in this case the court is satisfied that none of the defects or errors were made in bad faith or with fraudulent intent, and that there was no willful violation of the Pennsylvania Election Code, we feel that the ends of justice will be properly met by permitting amendments to the affidavits in question.

## ORDER

Now, March 24, 1975, it is hereby ordered, adjudged, and decreed that Ward H. Dexter be permitted to amend each of his nomination petitions filed on March 11, 1975, as democratic candidate for Lawrence County Treasurer, by filing in the office of the County Board of Elections of Lawrence County a properly dated candidate's affidavit and loyalty oath for each nomination petition previously filed, and by also filing therewith a properly dated

affidavit of circulators sworn by himself as to one petition, and by Joseph Hasson as to the other petition. This shall be done within seven days of the date hereof, and not at any time thereafter, and shall be done at the individual cost and expense of Ward H. Dexter.