## Commonwealth *v.* Donnelly, Appellant.

*Criminal law—Robbery—Petition for revocation of sentence—and new trial—Evidence—Sufficiency—Refusal of petition—Discretion.*

A petition for a new trial alleged that defendant did not have opportunity to employ counsel, challenge the array of grand jurors and petit jurors and could not call witnesses in his behalf. The opinion of the trial judge, refusing the petition, controverted all these averments, and contained a positive statement that none of these rights were denied the defendant. Depositions were taken in support of the petition, but failed to establish that the defendant did not have a fair trial.

Under such circumstances the action of the lower court in refusing a new trial will be affirmed.

It is desirable in the interest of justice and the effective administration of the criminal law that trials shall be heard as soon after the commission of the offense charged as the circumstances reasonably permit. Prompt trial in criminal cases is an effective weapon in the suppression of crime. Delays of criminal trials are apt to defeat justice and are to be discouraged. A speedy trial does not necessarily involve depriving a defendant of the opportunity to properly prepare and present his defense.

Argued October 16, 1925. Appeals Nos. 208, 209, 210, 211 and 212 October Term, 1925, by defendant from judgments and sentences of Q. S. Philadelphia County, November Term, 1924, Nos. 630, 631, 632, 633 and 634, in the case of Commonwealth of Pennsylvania v. Edward Donnelly. Before PORTER, HENDERSON, TREXLER, KELLER, LINN and GAWTHROP, JJ. Affirmed.

Indictment for assault and battery, assault and battery with intent to kill, etc.  Before STERN, J.

The facts are stated in the opinion of the Superior Court.

Verdict of guilty on which judgment of sentence was passed.  Defendant appealed.

*Error assigned,* among others, was the refusal to grant a new trial for the reasons as quoted in the opinion of the Superior Court.

*John M. Dervin,* for appellant.

*Morris J. Speiser,* Assistant District Attorney, and with him *Samuel J. Rotan,* District Attorney, for appellee.

OPINION BY GAWTHROP, J., November 13, 1925:

On November 20, 1924, appellant was tried and convicted on four bills of indictment which charged him with an attempt to rob, and with other offenses committed on the morning of November 19, 1924.  On the same day he was sentenced to a term of imprisonment of not less than fifteen or more than thirty years.  On November 29, 1924, his present counsel entered an appearance in the cases and filed his own petition, averring that at the time appellant was arrested and convicted he had no opportunity to engage counsel; that he had no notice of the time set for his trial, nor of the charges on which he would be tried; and that he was not permitted to challenge the array of grand jurors or petit jurors, nor call witnesses in his behalf. The prayer was for the revocation of the sentences and for a new trial.  The court below granted a rule to show cause, depositions were taken and, after argument, the petition was dismissed and a new trial refused.  From that order we have this appeal.

The only errors assigned are the refusal to grant

a continuance and the refusal to grant a new trial. They will be considered together. After the dismissal of the motion for a new trial, counsel for appellant filed in the court below a petition to amend the record to show that on November 20, 1924, prior to proceeding to trial, counsel for defendant made a motion for a continuance of the case. The rule granted thereon was made absolute on April 9, 1925, the trial judge stating in a short opinion that he had no recollection that the motion for a continuance was made, but that, as the trial was conducted by able counsel for defendant and the latter was afforded an opportunity to obtain and call witnesses, the order refusing a new trial would be adhered to. In view of this amendment, we must treat the record as showing that the continuance was asked for and refused. We have carefully considered the depositions taken in support of the petition and find that the present complaint is without merit. We adopt the following statement in the opinion of the court below: ''It is not the fact that the defendant had no opportunity to engage counsel. He did engage competent counsel who was present at the trial, and actively and skillfully conducted the defense. It is not the fact that the defendant was denied the right to challenge the array of grand or petit jurors. Neither he nor his counsel sought to do so, nor has he as yet shown that he had or has any grounds upon which to challenge the arrays. Neither is it the fact that he was refused the right to call witnesses and that the processes of the court were denied him. Neither he nor his counsel asked for process to bring witnesses in, nor for a continuance for this purpose. Indeed they failed to call at least one witness who was present in court during the trial, brought there by the defendant or his agent, and to secure whose presence he now asserts the court denied him process.'' There is no evidence in this record that appellant did not have a fair trial. All of the eye witnesses to the commission

of the offenses, except appellant's companions, whose names he refused to give upon the witness stand, were heard by the jury. We are satisfied that the refusal of the continuance and the speedy trial did appellant no injury. He had a full opportunity to present his defense and was deprived of no right guaranteed to him by our constitution. We agree with the learned judge of the court below that it is desirable in the interest of justice and the effective administration of the criminal law that trials should occur as soon after the commission of the offense charged as the circumstances reasonably permit. Prompt trial in criminal cases is an effective weapon in the suppression of crime. Delays of criminal trials are apt to defeat justice and are to be discouraged. A speedy trial does not necessarily involve depriving a defendant of the opportunity to properly prepare and present his defense. It is well settled that the granting or refusal of a continuance or of a new trial is a matter within the discretion of the trial court and that its action thereon will not be reversed in the absence of clear abuse of such discretion. There was no such abuse here.

The assignments of error are overruled, and the order is affirmed.