Commonwealth of Pennsylvania v. Joseph L. O'Keefe, Appellant.

Argued March 11, 1929.

564

Before TREXLER, KELLER, LINN, GAWTHROP, CUNNINGHAM and BALDRIGE, JJ.

*Walter Thomas,* and with him *Henry M. Stevenson,* for appellant.—The defendant was not given sufficient time or opportunity to defend: Roller v. Holly, 176 U. S. 398; Commonwealth v. Jester, 256 Pa. 441. Defendant was denied the protection of law guaranteed to him by the Constitution: Truax v. Corrigan, 257 U. S. 312, page 331.

*Vincent A. Carroll,* Assistant District Attorney, and with him *John Monaghan,* District Attorney, and *James W. Tracey,* for appellee.

OPINION BY GAWTHROP, J., April 10, 1929:

About 11 o'clock A. M. December 21, 1928, defendant was arrested and held for court, without bail, on an information charging him with the unlawful possession and sale of intoxicating liquor. On the same day, before the noon recess of the court below, a true bill was found against him. Whereupon, about 1 o'clock his counsel, having been informed by the assistant district attorney that he intended to try defendant immediately after the conclusion of the case then on trial, forthwith made a motion for a continuance. It was refused. When the case was called for trial about 4 o'clock P. M. on the same day, coun-

sel again moved for a continuance, stating that "defendant was arrested at 11 o'clock this morning; has had no opportunity to consult counsel or to obtain witnesses in his behalf" ...... and "cannot go to trial at the present time and properly present a defense to the charge made against him." The motion for a continuance was refused again. Defendant refused to enter a plea to the indictment and a plea of "not guilty" was entered for him by the direction of the court. The trial proceeded and defendant was found guilty. A motion for a new trial, in which one of the reasons assigned was the refusal of the continuance, was argued and dismissed the next day and sentence to a term of imprisonment of nine months was imposed. This appeal followed.

There are six assignments of error filed in the case, only one of which is supported by an exception taken in the court below. This assignment is founded upon an exception to the refusal of the court below to continue the case. It is elementary that the matter of continuance rests in the sound discretion of the trial court. Therefore, the only question properly before us is whether or not, in refusing to grant a continuance the trial judge abused his discretion.

It is contended that the refusal of the court to continue the case when it was called for trial deprived defendant of an opportunity to consult counsel and obtain witnesses in his behalf, and prepare and present his defense, and that this resulted in a denial of due process of law guaranteed to him by the Fourteenth Amendment of the Federal Constitution and was in violation of section 9 of Article I of the Constitution of Pennsylvania, which provides that "In all criminal prosecutions the accused hath a right to be heard by himself and his counsel," and "to have compulsory process for obtaining witnesses in his favor ...... nor can he be deprived of his life, liberty or property, unless by the judgment of his peers or the

law of the land." In this case it is an admitted fact that defendant engaged competent counsel who was present at the trial and actively conducted the defense. There is no evidence in the record, and it is not even asserted in defendant's behalf, that he was refused the right to call witnesses, or that his counsel asked for process for obtaining witnesses. Although the refusal of the continuance was one of the reasons stated in support of the motion for a new trial, his counsel did not bring upon the record, by deposition or otherwise, any evidence, or even assert in the court below and does not assert now, that there were witnesses who could have been produced for defendant if the continuance had been granted. Under all the circumstances it is not apparent that appellant did not have a fair trial, or that he was denied an opportunity to present his defense to the charge on which he was convicted. It would take an extreme case to make the action of the trial court, in refusing a continuance, a denial of due process of law: Franklin v. South Carolina, 218 U. S. 161, 54 L. Ed. 980. Certainly appellant was not deprived of due process of law in this case. Nor was he deprived of his liberty other than by the law of the land. "Law of the land" means due process of law, the law of the individual case, as established by a fair and open trial or an opportunity given for one in court and by due course and process of law: Brown v. Hummel, 6 Pa. 86.

Com. v. Jester, 256 Pa. 441, is not controlling in appellant's favor. In that case the defendant had engaged to represent him an attorney whose name was endorsed on the bill of indictment. He was brought from the county jail to the court room two days after a true bill had been found against him, but neither he nor his counsel had notice or knowledge that he would be placed on trial that day, and he was forced to trial for a felony without notice to his counsel, who was not present at the trial. It was held that

he was denied his constitutional right to be heard by himself and his counsel, and that, therefore, failure to grant a new trial amounted to an abuse of discretion.

In the present case counsel for appellant was present and, as above stated, actively conducted the defense of his client who did not exercise his right to take the witness stand. While it was defendant's right to be heard by his witnesses, as well as by himself and his counsel, he has not undertaken to show, and does not assert, that there were any witnesses whom he could have called if there had been a postponement of the trial. The weakness of his position lies in the total failure to show that he was hurt by the overruling of the motion to continue. The mere fact that the case was disposed of with unusual dispatch does not establish the fact that there was harmful error. While, in our opinion, the trial court might very properly have granted a continuance at least until the following day, we are convinced that the defendant was not deprived of any of his constitutional guaranties, and that the failure to continue the case did not amount to such abuse of discretion as to require reversal of the judgment and the granting of a new trial.

The judgment is affirmed.

TREXLER, J., dissents.

---

DISSENTING OPINION BY TREXLER, J.:

The defendant was arrested at 11 o'clock, indicted before noon, was informed at 1 o'clock that his case would be called at the termination of the case then trying and his trial was begun at 4 o'clock and terminated the same day.

The defendant was entitled to a fair trial by due process of law and this necessarily implies a reasonable time to prepare for it. This right is not properly subserved by a hurried conference with his lawyer dur-

ing a time, short and of uncertain duration, required for the trial of another case, and in a court room where defendant's presence was required lest he be caught unawares when his case was called.

The opinion of this court refers to the fact that in support of his motion for a new trial, the defendant did not bring upon the record by deposition or otherwise, any evidence that there were witnesses who could have been produced had a continuance been granted. In view of the rapid succession of events, it is hard to understand how this could have been done. It is no answer to the fact that his privileges guaranteed by law were taken away to assert that he does not show that he was harmed. He was entitled to them even if eventually their exercise would not benefit him. And even so, who can conjecture what preparation for trial would have been made had his counsel had adequate time to consult with the defendant? What likelihood was there that subpoenas issued at 1 o'clock would have secured the attendance of witnesses on the same afternoon? On the face of things, the time elapsing between the arrest and the trial was far too short and the forcing of this defendant to trial with such undue haste was a deprivation of his constitutional rights. It savored more of a drumhead court than the orderly administration of justice. I would grant him a new trial.