Commonwealth ex rel. Hullig, Appellant, *v.* Ashe, Warden.

Argued April 22, 1941.

Before KELLER, P. J., CUNNINGHAM, BALDRIGE, STADTFELD, RHODES and KENWORTHEY, JJ.

*Roy Hullig*, in propria persona, for appellant.

*Burton R. Laub*, District Attorney, for appellee.

Opinion by Keller, P. J., June 30, 1941:

Appeal by Roy Hullig from the order of the Court of Common Pleas of Allegheny County (Rowand, J.) dismissing his petition for writ of habeas corpus and remanding him to the custody of the warden of the penitentiary.

The main contention of the appellant in his petition for writ of habeas corpus was that he had been denied due process of law on the trial of his case in the Court of Quarter Sessions of Erie County, No. 51 May Sessions 1939, in the following particulars:

(1) His attorney of record was not notified of the trial and was not in court at the time of the trial.

(2) He was not given the means or opportunity of obtaining witnesses in his favor.

(3) He was forced to trial without time to prepare his case.

(4) He was denied the "safeguard of an impartial jury trial", by the failure of the court to allow petitioner to examine and select the jury.

(5) He was denied the "right to the guiding hand of counsel" when sentence was passed.

On May 9, 1939 a true bill was returned by the Grand Jury of Erie County on an indictment containing two counts, the first charging Roy Hullig, alias Roy Helwig, with the larceny of an automobile (see Act of May 1,

1919, P. L. 99) and the second charging him with receiving the automobile knowing it to have been stolen. On May 11, 1939 he was tried before Judge WAITE, specially presiding, and was convicted on the charge of larceny, and was sentenced to imprisonment in the Western State Penitentiary for a term of not less than two years or more than four years, to be computed from May 10, 1939, the date of his commitment to jail.

On December 11, 1940 he filed his petition for writ of habeas corpus in the Court of Common Pleas of Allegheny County, and was produced and testified at the hearing held on December 16, 1940.

The district attorney of Erie County filed an answer to his petition, denying the averments of the petitioner, and, with respect to his allegation that he had employed counsel, attached thereto a letter from John A. Blackmore, Esq., the attorney whom the petitioner had averred he had employed to represent him, stating that his records failed to show that he had been employed by Roy Hullig or by "any client bearing a name similar to Roy Hullig", and that it is his belief that he had no relations whatsoever with Roy Hullig. In his opinion, filed under Rule 58 of this court, the sitting judge stated that the petitioner, this appellant, admitted that he had not *hired* an attorney, by which we understand that he had not *retained* Mr. Blackmore as his attorney. Certain it is that no attorney entered his appearance for Hullig with the clerk of the court as required by Rule 2 of the Revised and Restated Rules of the several courts of the Sixth Judicial District (Erie County), and no note of any such appearance was entered on the docket. He had no attorney of record.

The original records at No. 51 May Sessions 1939 of Erie County show that at the preliminary hearing held on April 29, 1939, following the relator's arrest, he was released on bail, conditioned for his appearance at the next court of quarter sessions beginning May 8, 1939; that he was at liberty until May 10, 1939, when

because of his failure to appear in accordance with the condition of his bond, he was again arrested and committed to jail. He thus had eleven days' time to employ an attorney, summon his witnesses, and prepare for his defense. It was his duty to *employ* an attorney, if he desired one, and to prepare for his defense and summon his witnesses during the time elapsing between his discharge on bail and the day he was to appear and answer in court. He could not delay until an indictment was returned and then for the first time attempt to engage counsel and start on the preparation of his defense. The law contemplates and brooks no such delay on the part of defendants in criminal cases. If allowed, no criminal case could be tried until the session occurring next after a true bill was returned, usually three months. When called for trial on May 11, 1939, no attorney appearing for him, the court appointed Mr. Edward Petrillo, a competent attorney of the Erie County bar, to represent him. If he chose not to avail himself fully of Mr. Petrillo's services, and to act as his own attorney, that was his right. He could waive his right to be heard by counsel, but he had no right to delay the trial because of his desire to be represented by a particular lawyer whom he had not retained or employed while he was out on bail and who had not entered an appearance for him as required by the Rules of Court. To the appellant's suggestion in his supplemental argument that Mr. Blackmore's name was entered on the original bail bond, as is the custom in Erie County, the district attorney produced the bond in court and it showed no entry on it of any attorney for the defendant.

The record shows that Mr. Petrillo cross-examined some of the Commonwealth's witnesses; and there is no reason to believe that he was not permitted to take part in the examination and selection of the jury. If the defendant saw fit not to take the witness stand and testify in his own behalf, that, too, was his own con-

cern. The evidence for the Commonwealth was ample to sustain a verdict of guilty on the first count.

The appellant's reasons for his discharge largely hang upon the first one, and while replete with phrases culled from judicial opinions dealing with wholly different circumstances, there is no merit in them if the first reason is unfounded in fact. The trial court fully safeguarded his rights and he was given opportunity to be represented by counsel, to examine and select the jury and to be heard on his own behalf. If he chose not to avail himself of them he alone is responsible. If he refused the offer of Mr. Petrillo's services on the trial, as he seems to intimate, he cannot complain because he was not present when sentence was pronounced.

The cases relied on by the appellant are wholly dissimilar in their facts. They are not applicable where the defendant is out on bail for a time reasonably sufficient—in this case, eleven days—to employ an attorney, prepare for his defense and secure witnesses to testify on his behalf.

In *Com. v. Jester*, 256 Pa. 441, 100 A. 993, a prosecution for rape, the defendant was held for court without bail. Four days later a true bill was found against him and two days thereafter he was brought from prison, where he had been kept since his arrest and put on trial without opportunity to prepare his defense and without being represented by counsel, although he had *retained* counsel, whose name was endorsed on the bill of indictment and who on the day of the trial was actually engaged in room 696, entering bail for defendant's release from custody, while, without notice to him, defendant was being tried in room 453. The differences in the facts are manifest.

In *Com. v. O'Keefe*, 298 Pa. 169, 148 A. 73, the defendant was arrested at eleven o'clock, indicted before noon and was informed at one o'clock that his case would be called at the termination of the case then trying, and his trial was begun at four o'clock and ter-

minated the same day (see 95 Pa. Superior Ct. p. 567).
It was this undue haste which prompted Judge TREXLER
in his dissenting opinion, 95 Pa. Superior Ct. 567-568,
to say that the trial "savored more of a drumhead court
than the orderly administration of justice."

Even in murder cases where the defendant is neces-
sarily kept in prison awaiting trial, the Supreme Court
has refused to set aside the conviction where the de-
fendant had but little longer time to prepare his case
than this defendant had.

In *Com. v. Flood*, 302 Pa. 190, 153 A. 152, counsel
who tried the case were appointed January 21st and
the trial was set for February 3d.   Before that date,
a petition was presented for continuance on the ground
of lack of time to prepare the case.   It was refused.
The Supreme Court said (pp. 195, 196) : "While it is
true that counsel should have sufficient time in which
to prepare all cases for trial, especially where the mat-
ter involved is so vital as in the present case, there is
nothing to show the court below abused its discretion
in ordering defendant to be tried February 3d.   While
defendant's right is clear, those of society are also clear;
it is important that their interests should be protected
against unnecessary delays.   Persons accused of crimes
should be brought to as speedy a trial as the exigencies
of their cases demand, otherwise one of the benefits
accruing to society will be lost or seriously diminished.
Delays through unwarranted or unnecessary continu-
ance should cease."

In *Com. v. Meyers*, 290 Pa. 573, 578, 139 A. 374,
counsel who appeared for the defendant at the coroner's
hearing on January 21, 1927, stated to the court when
the case was called for trial on January 31st, that he
no longer represented Meyers, and was permitted to
withdraw.   Defendant asked leave to secure other coun-
sel and was given time for that purpose.   Later in the
day, new counsel appeared for the defense and requested

a continuance for a week or until the following Monday. When the application was refused counsel asked that the case go over until Thursday. The court fixed Wednesday as the day of trial, but the taking of testimony did not begin until Thursday. The Supreme Court said: "A defendant has no natural or inalienable right to a continuance. An application for it is addressed to the sound discretion of the court, and, unless there has been an abuse of discretion, the ruling of the trial judge will not be disturbed by an appellate tribunal ...... Three weeks had elapsed from the day defendant was arrested to that originally fixed for trial. In the absence of any unusual circumstances, this would be ample time to prepare his defense here, as there were but few incidents connected with it. Defendant asked for a week's delay; he knew the Saturday before that he must engage other counsel. Had he acted as promptly as he did Monday, the new counsel would have had what he then considered ample time. Generally, the question in such cases is *the time which the defendant himself has been allowed,* and not whether the time between the date an attorney is engaged by the accused and the date set for trial is sufficient. Otherwise all that a defendant would have to do in order to secure unending delay would be to change counsel on the eve of the trial." (Italics added.)

In *Com. v. Deni,* 317 Pa. 289, 176 A. 919, the defendant was brought to trial on the ninth day after the killing. In *Com. v. Delero,* 218 Pa. 487, 67 A. 764, only fifteen days elapsed from the date of the murder to the date of the trial. See also, *Com. v. Lockard,* 325 Pa. 56, 62, 188 A. 755. In *Com. v. Donnelly,* 86 Pa. Superior Ct. 427, the defendant was tried on November 20, 1924 before Judge STERN (now Mr. Justice STERN of the Supreme Court) on four bills of indictment charging him with an attempt to rob and other offenses committed on the morning of November 19, 1924; and on

the statement of the trial judge, in his opinion refusing a new trial because of a failure to grant a continuance, the order and judgment were affirmed, because it appeared that defendant had had a fair trial. See also, *Com. v. Rouchie,* 135 Pa. Superior Ct. 594, 600, 7 A. 2d 102.

Formal arraignment in court was not necessary: Act of May 15, 1895, P. L. 71; *Com. v. Ferguson,* 44 Pa. Superior Ct. 626, 630.

The court below gave appellant a full hearing on the matters averred in his petition for the writ of habeas corpus and found that the proceedings on the trial leading up to his conviction were regular and that his allegations of irregularities and of deprivations of his legal and constitutional rights on the trial were not sustained by the evidence. With that conclusion we agree.

As we heard the case solely by way of appeal, we shall not consider any matters not raised in the court below.

Judge HIRT took no part in the consideration or decision of this appeal.

Ordered affirmed.