Commonwealth *v.* Crandall, Appellant.

354

Argued May 6, 1941.

Before KELLER, P. J., CUNNINGHAM, BALDRIGE, STADTFELD, RHODES, HIRT and KENWORTHEY, JJ.

*H. Eugene Gardner,* for appellant.

*Harold B. Rudisill,* Assistant District Attorney, with him *John E. Brenneman,* District Attorney, for appellee.

OPINION BY RHODES, J., June 30, 1941:

These two appeals will be disposed of in one opinion as the same questions are raised in each. Two bills of indictment were returned against defendant on August 28, 1940. Indictment to No. 42, August Sessions, 1940, containing two counts, charged defendant in the first count with unlawfully operating a private nursing home, and in the second with unlawfully operating a private hospital.[1] Indictment to No. 43, August Ses-

---

[1] See Act of June 12, 1931, P. L. 510, §7, as amended by the Act of June 19, 1939, P. L. 438, No. 248, §1, 35 PS §430.

sions, 1940, contained several counts, but the only one with which we are concerned, the one on which he was tried, is that charging that defendant held himself out as a practitioner in medicine and surgery without first having received a certificate of licensure from the [State Board] Bureau of Medical Education and Licensure.[2] Two days later, on August 30, 1940, defendant was brought to trial. The indictments were tried together, and the trial resulted in defendant's conviction on the three counts in the two indictments. Judgments were entered and sentences imposed. These appeals were then taken.

No question is raised as to the sufficiency of the evidence to sustain the convictions. The grounds of complaint are purely legal. Appellant's position, in effect, is that he was deprived of the opportunity to have a fair and impartial trial.

It is first asserted that the trial judge erred in refusing to grant appellant's request for continuances in order to secure counsel and other witnesses, and that he was thereby hurried to conviction. Appellant was arrested on March 11, 1940. The preliminary hearing was held on April 12, 1940, when appellant was represented by counsel. When his cases were called for trial, two days after true bills were returned by the grand jury, appellant appeared without counsel, and asked for continuances, stating that he had not had sufficient time to prepare for trial. They were refused. The court offered to appoint two attorneys, who were then available, to represent appellant, but this offer was refused, appellant replying: "Your Honor, I have to beg to refuse counsel and exercise my prerogative of acting as my own attorney. I cannot accept counsel." It is well settled in this state that an application for a continuance is addressed to the sound discretion of the court,

---

[2] See Act of June 3, 1911, P. L. 639, 63 PS §401; *Com. v. Dailey,* 75 Pa. Superior Ct. 510.

and unless there has been an abuse of discretion the ruling of the trial judge will not be disturbed by an appellate tribunal. *Com. v. Meyers*, 290 Pa. 573, 577, 139 A. 374; *Com. v. Deni*, 317 Pa. 289, 293, 176 A. 919; *Com. v. Rouchie et al.*, 135 Pa. Superior Ct. 594, 599, 7 A. 2d 102. After the preliminary hearing appellant entered bail for his appearance at the August Sessions of the Court of Quarter Sessions of York County. If counsel who represented him at the preliminary hearing withdrew, there is no reason why he should not have secured other counsel, before his cases were called for trial, if desired. He should have been prepared with his defense at the time fixed for his appearance in court. It cannot be said that five months, which intervened between the preliminary hearing and the trial, during which time appellant was out on bail, was too short a period to make preparation; and appellant could not neglect to act in anticipation of the possibility that true bills might not be returned by the grand jury. *Com. ex rel. Hullig v. Ashe, Warden*, 145 Pa. Superior Ct. 11, 20 A. 2d 852. "Generally, the question in such cases is the time which the defendant himself has been allowed, and not whether the time between the date an attorney is engaged by the accused and the date set for trial is sufficient. Otherwise all that a defendant would have to do in order to secure unending delay would be to change counsel on the eve of the trial": *Com. v. Meyers*, supra, 290 Pa. 573, at page 578, 139 A. 374, at page 376. Appellant had more than a reasonable time within which to prepare his defense, and his delay and failure to employ counsel cannot be used as pretexts to avoid trial. See *Com. v. Lockard*, 325 Pa. 56, 62, 188 A. 755; *Com. v. Talarico*, 317 Pa. 481, 484, 177 A. 1; *Com. v. Delero*, 218 Pa. 487, 491, 67 A. 764.

We find nothing to indicate that appellant was deprived of the presence of material witnesses, or that any efforts were made to secure other witnesses than those who were called by him. It does not appear that

appellant had any witnesses who could not have been obtained even after indictment and before trial; and the nature of the charges against him were so simple that almost any attorney would have required no further time for consideration and analysis. As we said in *Com. v. Rouchie et al.,* supra, 135 Pa. Superior Ct. 594, at page 600, 7 A. 2d 102, at page 105: "If such unsupported averments were sufficient to convict a court of abuse of discretion in refusing a continuance that weapon would be constantly employed for the delay of cases to the resulting advantage of defendants."

If it appeared that any injustice had been done appellant, that any of his rights under the law had been denied him, that any additional meritorious defense might have been presented which would have changed the result if the cases had been continued, or if there was any reasonable doubt about appellant's guilt, this court would be inclined to review the discretion of the court below in refusing to continue appellant's cases; but we are not convinced that there was any abuse of the sound discretion of the court below in any respect. *Com. v. Delero,* supra, p. 491.

There is no merit whatever in appellant's complaint that the trial court denied him his constitutional right to be represented by counsel. See article 1, §9, Constitution of Pennsylvania, PS Const. art. 1, §9. Although he had neglected his obvious duty to employ counsel, he was informed of his right to counsel, and the trial judge endeavored to have him obtain counsel; the trial judge also offered to appoint two attorneys, who were present and willing to act, to represent appellant; he plainly refused to have counsel, and then acted as his own counsel, examined and cross-examined witnesses, made motions and objections, took the stand in his own defense, and made a summation to the jury. See *Com. ex rel. Hullig v. Ashe, Warden,* supra. The right to counsel is personal, and may be waived provided it is waived intelligently, understandingly, and in a competent manner.

The determination of whether there has been an intelligent waiver must depend in each case upon the particular facts and circumstances surrounding that case, including the background, experience, and conduct of the accused. *Johnson v. Zerbst, Warden,* 304 U. S. 458, 464, 58 S. Ct. 1019, 82 L. Ed. 1461, 1466; *Macomber et al. v. Hudspeth, Warden,* 115 F. 2d 114, 116.

It is not necessary to relate in detail the background, experience, and conduct of appellant, who had a certificate to practice osteopathy in Pennsylvania, as the record fully discloses that he intelligently understood his constitutional right to be represented by counsel, but deliberately refused to exercise it.

Equally lacking in merit is appellant's contention that the court below erred in dismissing appellant's petition to enlarge and correct the record. The only alleged falsifications specifically referred to in appellant's briefs are the docket entries showing that appellant was arraigned on August 30, 1940, and that he pleaded not guilty to both bills of indictment. There is nothing to contradict the docket entries except the unsupported statement of appellant aliunde the record. To sustain this contention would be to impeach the record, and this we decline to do. *Doylestown Distilling Company's Application,* 9 Pa. Superior Ct. 96; *Krug v. Peale,* 35 Pa. Superior Ct. 1, 9; *Com. v. Bailey,* 91 Pa. Superior Ct. 17, 21. See, also, *Com. v. Ferguson,* 44 Pa. Superior Ct. 626, 630; *Com. v. Kinner,* 137 Pa. Superior Ct. 256, 260, 9 A. 2d 177; Act of May 15, 1895, P. L. 71, §1, 19 PS §462.

That there should have been a severance and the indictments tried separately is stated in appellant's briefs, but not set forth in the statement of questions involved. We will say, however, that it was within the sound discretion of the trial court whether the charges against appellant should be tried together. *Com. v. Tracey,* 137 Pa. Superior Ct. 221, 228, 8 A. 2d 622. The charges arose out of the same set of circumstances, and it is not

questioned that the testimony of every witness as to any of the charges was admissible on the three counts of the two indictments. The rights of appellant were not prejudiced, and we can find no reason why the propriety of the consolidation should be questioned.

We have reviewed the entire record, and have carefully examined appellant's briefs; and we are satisfied that appellant was given a fair and impartial trial, that he has not been denied due process of law, that his rights were adequately protected by the trial judge, that there was no trial error affecting any of his constitutional or substantive rights, and that the evidence fully supports and justifies the verdict and judgments.

The judgments and sentences are affirmed, and it is ordered that the defendant appear in the court below at such time as he may be there called, and that he be by that court committed until he has complied with the sentences, or any part of them, which had not been performed at the time the appeal in each case was made a supersedeas.