## Commonwealth v. Roberts, Appellant.

44

Argued March 16, 1948. Before RHODES, P. J., RENO, DITHRICH, ROSS, ARNOLD and FINE, JJ. (HIRT, J., absent.)

*Stuart A. Culbertson,* with him *George C. Magee, Jr.,* for appellant.

*Raymond P. Shafer,* District Attorney, for appellee.

OPINION BY FINE, J., July 23, 1948:

Clifton J. Roberts, appellant, was indicted and tried by a jury for incestuous statutory rape.[1] The jury was unable to agree upon a verdict and was discharged. At the second trial, appellant was found guilty and sentence duly imposed. This appeal seeking a new trial is based (1) on the lower court's refusal to grant a continuance of the case to the succeeding session of the court, (2) to alleged prejudicial remarks by the trial judge and (3)

---

[1] Act of June 24, 1939, P. L. 872, §721, 18 PS §4721.

that the verdict was against the weight of the evidence.

A detailed recital of the shameful debauchery is unnecessary. We are all of the opinion that there was ample evidence to support the verdict, that the defendant had a fair trial, and that appellant's argument that the testimony of the Commonwealth's witnesses was "incredible," "improbable," "absurd," "unworthy of belief," "ridiculous," "beyond comprehension," and "inconceivable," in the circumstances of this case is one which should have been addressed to a jury and not to this Court. No complaint is made by appellant to the charge of the trial judge with regard to its fairness, completeness or propriety. It cannot be said as a matter of law that the jury in returning a verdict of guilty acted capriciously and without regard to the testimony.

Applications for continuance are addressed to the sound discretion of the trial judge and the action taken thereon in the absence of manifest abuse thereof, will not be disturbed: *Commonwealth v. Schurtz,* 337 Pa. 405, 10 A. 2d 378; *Commonwealth v. Deni,* 317 Pa. 289, 176 A. 919; *Commonwealth v. Crandall,* 145 Pa. Superior Ct. 353, 21 A. 2d 232; *Commonwealth v. Rouchie,* 135 Pa. Superior Ct. 594, 7 A. 2d 102. When this case was called for retrial, the appellant, in aid of his request for a continuance, advised the trial judge that one of the defense witnesses, Mary Roberts, daughter-in-law of the defendant, could not appear as her children were ill, and for the further reason that she lived on a country road rendered impassable by a severe snowstorm several days prior thereto. The trial judge after inquiry into all the facts and circumstances refused the motion and the case proceeded to trial. On the following morning, February 14, 1947, when court convened, appellant again moved for a continuance, viz.: "Mr. Magee: If your Honor please, at this time I would like to make a motion for continuance in as much as the defendant has two vital witnesses, his son and his wife, who are unable to attend on account of sickness and Mr. Vosburg and Mr. Straub

are unable to be here. Mr. Roberts needs these witnesses. To proceed will put him in such a position as not adequately having help in his defense." The district attorney objected to the continuance stating, "that none of these witnesses were subpœnaed to be here; that Mr. Straub is not ill or sick, that he is now attending to his duties in his store; that Mr. Vosburg, while it is represented that he is ill, is attending his duties operating his gasoline station at Cambridge Springs; while defendant has represented that his son is sick, he was seen this morning in Cambridge Springs in his automobile and being around generally. There are no doctor's certificates or affidavits and it is unfair to the Commonwealth at this time to ask for a continuance under these circumstances, the case already being in its second day of trial and none of the reasons are sufficient grounds for continuance. The wife's condition was already covered by previous affidavits and a motion for continuance was overruled for consideration before the trial commenced." This, the second motion, was overruled.

Before the completion of the case appellant's son, Charles Roberts, appeared and testified. The testimony of his wife, Mary Roberts, who was not called as a witness at the former trial, would have been merely cumulative. Refusal to grant a continuance where the testimony of the absent witness would be merely cumulative does not constitute an abuse of discretion: *Commonwealth v. Deni*, 317 Pa. 289, 176 A. 919; *Commonwealth v. Pennington*, 249 Pa. 536, 95 A. 107.

In regard to the character witnesses, Vosburg and Straub, the record reveals they were available and at the time of the trial were attending to their daily occupations. The facts set forth in the second motion for continuance were not supported by affidavit, except as to both Roberts, or by other evidence; it did not show where the witnesses were, what efforts were made to secure

their presence or that they could be secured at a later date. It is idle to assume that the appellant was prejudiced by their absence at the second trial, because it resulted in a guilty verdict, whereas a disagreement followed the former trial at which they, excepting Mary Roberts, testified. No sound purpose may be served by indulging in such sophistry. Such argument has the habiliments of mere guess, speculation and conjecture. Even though appellant does not complain it might as well be said that the failure to call at the second trial witnesses, other than Vosburg and Straub, who likewise testified at the former trial, caused the guilty verdict. As stated in *Commonwealth v. Rouchie*, 135 Pa. Superior Ct. 594, 600: "The trial judge was entitled to know why these witnesses were not present and at the very least what effort had been made to secure their presence during a period of six weeks. If such unsupported averments were sufficient to convict a court of abuse of discretion in refusing a continuance that weapon would be constantly employed for the delay of cases to the resulting advantage of defendants. In view of the relationship between the absent witnesses and the parties, [here Mary Roberts, daughter-in-law, and the appellant, father-in-law] it would have required a strong showing to justify the court in continuing the case."

Moreover, the court was not unduly severe; it appears that after the jury had been discharged after disagreement at the first trial,. a continuance upon appellant's application was granted to the next session of criminal court. In all these circumstances, therefore, it cannot be said that the trial judge was guilty of an abuse of discretion in refusing appellant's motion for a continuance.

What was said in *Commonwealth v. Crandall*, 145 Pa. Superior Ct. 353, 357, may well be repeated here: "If it appeared that any injustice had been done appellant, that any of his rights under the law had been denied him, that any additional meritorious defense might have

been presented which would have changed the result if the cases had been continued, or if there was any reasonable doubt about appellant's guilt, this court would be inclined to review the discretion of the court below in refusing to continue appellant's cases; but we are not convinced that there was any abuse of the sound discretion of the court below in any respect."

Appellant's contention that the remarks of the trial judge [2] in the presence of the jury had the effect of impeaching the credibility of his witness, is without merit. The remarks of the court concerned its recollection of the witness's prior inconsistent testimony. In view of the witness's admission that the court's recollection was correct, we fail to see how such remarks could possibly have the prejudicial effect ascribed to them by the appellant. Especially where, as here, they bring to light the true facts. See *Commonwealth v. Martin,* 302 Pa. 118, 153 A. 141.

We have reviewed the entire record, have carefully perused and examined counsels' written arguments and we are satisfied that the appellant was given a fair and impartial trial, and that the evidence fully supports the verdict and judgment.

The assignments of error are overruled, the judgment of the court below is affirmed and defendant is directed to appear in the court below at such time as he may be there called and that he be by that court committed until he has complied with its sentence or any part of it that had not been performed at the time the appeal was made a supersedeas.

---

[2] "Court: I don't think he is correct in his testimony as to what took place before this court. This man was trying to get a housekeeper and I continued to go on a long time with him, and this young man volunteered to go in and do that, and he said he couldn't stand it any longer and went out. Mr. Magee: Did he enlighten you why he couldn't stand it? Court: He couldn't perform the duties and got a place and moved out of there, am I not correct? Answer: Yes, sir. Mr. Magee: Note exception to the Court's remarks."