Dissenting Opinion by
Montgomery, J.:
I respectfully dissent for the reason that I do not believe there was a competent and intelligent waiver of appellant’s right to counsel assured to him by the Sixth Amendment of the United States Constitution and the case of Gideon v. Wainwright[1] referred to in the majority opinion.
Admittedly, appellant had the right to defend himself, and counsel may not be forced upon him. However, in determining whether an accused has waived his right to counsel, certain basic rules must be followed. In determining the matter of due process under the Fourth Amendment such rules were called “fundamental criteria” in Ker v. California, 374 U.S. 23, 83 S. Ct. 1623, 10 L. Ed. 2d 726, wherein it is held that in proceedings in state courts in determining “reasonableness” in search and seizure cases “fundamental criteria” must be consistent with federal guarantees as interpreted by the United States Supreme Court. To be consistent with such enunciation, I believe the “fundamental criteria” on which a determination of the sufficiency of a waiver of counsel guaranteed by the Sixth Amendment must also be determined by federal decisions.
Certain basic rules (fundamental criteria) concerning waivers are found in Johnson v. Zerbst, 304 *229 U.S. 458, 464, 58 S. Ct. 1019, 1023, 82 L. Ed. 1461, 1466: “ ‘Courts indulge every reasonable presumption against waiver’ of fundamental constitutional rights and that we ‘do not presume acquiescence in the loss of fúndamental rights’ in Von Moltke v. Gillies, 332 U.S. 708, 724, 68 S. Ct. 316, 323, 92 L. Ed. 309, 321, “A judge can make certain that an accused’s professed waiver of counsel is understandingly and wisely made only from a penetrating and comprehensive examination of all the circumstances under which such a plea is tendered”; and in Moore v. Michigan, 355 U. S. 155, 78 S. Ct. 191, 195, 2 L. Ed. 2d 167, 172, “The constitutional right, of course, does not justify forcing counsel upon an accused who wants none. . . . But, ‘where a person convicted in a state court has not intelligently and understandingly waived the benefit of counsel and where the circumstances show that his rights could not have been fairly protected without counsel, the Due Process Clause invalidates his conviction. . . .’ Where the right to counsel is of such critical importance as to be an element of Due Process under the Eourteénth Amendment, a finding of waiver is not lightly to be made.”
Analyzing the facts of the present case in the'light of the above rule, I am constrained to conclude that there has been a violation of relator’s rights so as to invalidate his convictions. Admitting that he is ah adult person of some experiencé in criminal matters, with enough education and intelligence to impress people with the fact that he was a clergyman, that he conducted his trial with some degree of efficiency, it must be admitted that the court did not take steps to make certain that relator’s waiver of counsel was fully understood. Had it done so it would have seen that the accused had endeavored without success to secure private counsel, had then relied on the Public Defender, only to be denied his help and advice at the last moment before trial because of the conflict of interests *230 between relator and his codefendant. It is apparent that he was not aware of the possibility of having his case continued under such circumstances of surprise, or of having his case severed from that of his codefendant in order to avoid such conflict. The fact that he did not make a request for such action or request the appointment of new counsel at that late hour, and indicated his willingness to “get along with it” the best he could under those circumstances, should not prejudice his rights. In Gideon v. Wainwright, supra, the fact that the defendant conducted his own trial in an active manner did not prevent the invalidation of his conviction. In Commonwealth v. Crandall, 145 Pa. Superior Ct. 353, 21 A. 2d 232, we pointed out that the time the defendant had to prepare his case was the important factor. In the present case this relator had no time to prepare for the trial of his case after he learned that the Public Defender would not represent him. This is particularly important since he had to defend himself not only against the Commonwealth but against his codefendant as well.
It may well be that the relator is shrewd, calculating, and as highly intelligent as he is pictured by the Commonwealth; but I do not find in the record support for such a strong statement. Keeping in mind the rule of Johnson v. Zerbst, supra, against presuming acquiescence in the loss of fundamental rights and indulging every reasonable presumption against waiver, I am of the opinion that due process was violated in the present case which requires a new trial.
If more reasons for my conclusion are desired, reference may be made to two recent cases of our Supreme Court in which new trials were granted because the same counsel represented two defendants with conflicting interests: Commonwealth v. Meehan, 409 Pa. 616, 187 A. 2d 579; Commonwealth ex rel. Whitting v. Russell, 406 Pa. 45, 176 A. 2d 641. Certainly, in the pres *231 ent case the importance of the conflict of interests was not less than in those two cases. It was recognized by the Public Defender and he withdrew as appellant’s counsel because of it.
It is clear to me that the rules previously set forth were not followed by the trial court in this case.
Watkins and Flood, JJ., join in this dissent.

 372 U.S. 335, 83 S. Ct. 792, 9 L. Ed. 2d 799.